JAMES BRUUN, Appellant, v. KATZ DRUG COMPANY, INCORPORATED; KATZ DRUG COMPANY, a Delaware Corporation; M. H. KATZ, ISAAC KATZ, ROSE KATZ and MINNIE KATZ, Trustees of the Assets of Katz Drug Company, or Famous Drug Company, a former Missouri Corporation, Respondents, No. 41255—221 S. W. (2d) 717.

Division Two, June 13, 1949.

Rehearing Denied, July 11, 1949.

Henry W. McFeely and George Hornecker for appellant.

*Paul R. Stinson* and *Lawrence R. Brown* for respondents Katz
Drug Co., a Delaware Corporation, M. H. Katz, Isaac Katz, Rose
Katz and Minnie Katz; *Stinson, Mag, Thomson, McEvers & Fizzell*
of counsel.

338

 TIPTON, P. J.—This is an appeal from an order dismissing the appellant's supplemental petition because (a) the petition failed to state a claim against these respondents upon which any relief could be granted; (b) the claim is barred by the five year statute of limitations (section 1014, R. S. Mo., 1939); and (c) this cause was filed on March 30, 1929, and appellant had failed to diligently prosecute it. There have been two previous appeals in this cause to this court. They are reported in 351 Mo. 731, 173 S. W. 2d 906 and 211 S. W. 2d 918.

This supplemental petition was filed on July 2, 1948. Briefly it states that since the filing of the original petition against the Katz Drug Company, a Missouri corporation, the Katz Drug Company, a Delaware corporation, was incorporated June 13, 1929, and licensed to do business in Missouri June 26, 1929; that the same individuals who had control of the Missouri corporation became the officers and directors of the Delaware corporation; that the assets and business of the Missouri corporation were transferred to the Delaware corporation; that on June 26, 1929, the Missouri corporation changed its name to Famous Drug Company, which charter was forfeited by the State on January 1, 1930; that the answer of the Missouri corporation was filed May 15, 1929; that the president and last board of directors of the Missouri corporation were M. H. Katz, Isaac Katz, Rose Katz and Minnie Katz, and as such are trustees of the assets of the former Missouri corporation; that appellant was employed by respondents as clerk at a salary of $120 a month; that on February 1, 1929, the respondents discharged appellant and failed to pay him $8.96 as wages due him; that on February 14, 1929, he made a written request of defendants for the money due him but they refused to pay him and still have failed and refused to pay him; and that this action is based upon section 4610, Revised Statutes of Missouri, 1929, which provides for a penalty for failure to pay wages when an employee is discharged by a corporation, which penalty being that the wages of such employee

shall continue at the regular rate from the date of discharge until paid. The prayer of the petition was that appellant be given a judgment in the sum of $8.96, together with a continuing penalty of $120 a month, which amounted to $27,968.96 at the time of filing the supplemental petition.

On the first appeal of this case to this court we held that this suit could no longer be maintained in the name of the dissolved corporation but could be maintained against the officers and directors or manager of the affairs of the corporation at the time when forfeiture was declared, under sections 5036 and 5094, Mo. R. S. A. Under these sections they became statutory trustees for the dissolved corporation.

In February, 1947, appellant filed a motion to add parties defendant and to list the cause for trial. The prayer of that motion was that M. H. Katz, Isaac Katz, Rose Katz and Minnie Katz, as trustees of the Famous Drug Company and the Katz Drug Company of Delaware be made parties defendant. The trial court overruled this motion and appellant appealed. On the second appeal we held that the trial court could not bring in new parties on a mere motion to add new parties without first service of process upon the new parties, and the appeal was dismissed because the overruling of his motion was not a final appealable order.

We are of the opinion that the trial court properly sustained respondents' motion to dismiss appellant's supplemental petition because the action against the named individuals as trustees of the dissolved Missouri corporation and the Katz Drug Company, the Delaware corporation, was barred by the five year statute of limitations. Since it appears from the petition that the cause of action accrued on February 1, 1929, and this supplemental petition making these new parties defendants was not filed until July 2, 1948, more than five years has elapsed and this action against these new defendants is barred by section 1014, Mo. R. S. A., which provides, among other things, "an action upon a liability created by a statute other than a penalty or forfeiture." This action is based upon section 4610, R. S. Mo., 1929, which is now section 5082, R. S. Mo., 1939. It may be that since this action is for a penalty it is barred in three years under section 1015, Mo. R. S. A.; however, it is not necessary to decide that question upon this record as more than nineteen years have elapsed since the cause of action accrued and that may have been the view of the trial judge.

Where a plaintiff files an amended petition bringing into the case new defendants, and if between the time of the commencement of an action and the time when new defendants are brought into the case the period of limitation prescribed by law for such an action has expired, the new parties may plead the statute as a bar of their liability, although the defense may not be available to the original de-

fendants. Jaicks .v. Sullivan, 128 Mo. 177, 30 S. W. 890. It follows that appellant's contention that there is no new cause of action stated in the supplemental petition but a continuing cause of action bringing in facts and circumstances occurring after the filing of the original petition and therefore the running of the statute of limitations is tolled is without merit. We held in the first appeal that this case could not proceed against the Missouri corporation because its charter was forfeited and could only proceed against the last president and directors of the Missouri corporation as statutory trustees. Certainly these are new parties.

█ Nor is there any merit in appellant's contention that the statute of limitations was tolled "because there was deception by defendants as to the relationship of Missouri and Delaware corporations and assets involved" for the simple reason that no such facts were pleaded in the supplemental petition.

█ If we understand the appellant correctly, he contends the statute of limitations is tolled because the last officers and board of directors are trustees, and a statute of limitations does not run against a trustee. It is true they are trustees and are made so by statute but appellant's contention was overruled by this court in the case of Landis v. Saxton, 105 Mo. 486, 1. c. 489-490:

"Was the action of the plaintiff barred by the statute? The trusts against which the statute will not run 'are those technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction' of a court of equity, but other trusts which are the ground of an action at law are open to the operation of the statute. Kane v. Bloodgood, 7 Johns. Ch. 90. The kind of trusts which fall within the exclusive jurisdiction of a court of equity are direct trusts created by *deed* or *will*, or by appointment of law, e. g., executorships or administrations; but cases of *constructive* or *implied* trusts, which result from partnerships, agencies and the like, are subject to the operation of the statute. Farnam v. Brooks, 9 Pick. 212. The crucial test in all such cases is: *Is there a remedy at law?* If there is, that is a conclusive answer to the claim that a technical trust as aforesaid has been created. Murray v. Coster, 20 Johns., loc. cit. 583."

The statute created the liability of the last officers and board of directors of a dissolved corporation. Certainly, then, this action is an action at law and is subject to the operation of the statute.

█ If the appellant means that there was some secret dealing among these officers in transferring the assets from the Missouri corporation to the Delaware corporation such facts are not pleaded. If such facts would toll the statute of limitations, which we do not decide, it is not shown on the face of the supplemental petition and therefore is not before us.

Since it appears from the face of the petition that appellant's cause of action, if any, is barred by the applicable statute of limitations, the motion to dismiss was properly sustained. DeV'ault v. Truman, 354 Mo. 1193, 194 S. W. 2d 29.

Because of what we have said it is not necessary to discuss the other reasons assigned by the trial judge in sustaining the motion to dismiss, and the judgment is affirmed. All concur.