MRS. FRED DAIPRAI, Appellant, v. MOBERLY FUEL & TRANSFER COMPANY, a Corporation, Respondent, No. 41146—223 S. W. (2d) 474.

Division Two, October 10, 1949.

790 

*Don C. Carter, Raymond L. Falzone* and *Wilbur F. Daniels* for appellant.

*C. M. Hulen* for respondent.

LEEDY, J.—Action under §§ 3672-3677, R. S. '39, and Mo. R. S. A., to recover $10,000 damages for negligently causing the death of plaintiff's husband, Fred Daiprai, a coal miner. Brought one day short of the running of the statute of limitations against A. M. Bradley, Joe Donatti, and Edwin W. Carter as copartners doing business as Moberly Fuel & Transfer Company, these individuals, after having been duly served with process, appeared and filed a joint motion to make the petition more definite and certain or for a bill of particulars. More than a year later, and while this motion was still pending and undisposed of, plaintiff, without asking leave of court, filed an amended petition making Moberly Fuel & Transfer Company the sole defendant, and alleging it to be a corporation. The original and amended petitions differed only in these respects: The amended petition omitted all references to the individuals sued as copartners in the original petition; alleged "Moberly Fuel & Transfer Company" to be a corporation, and substituted the word "defendant" for "defendants" wherever the latter had appeared in the original.

It is stipulated that "service was had on said Moberly Fuel & Transfer Company, a corporation, on said amended petition on the 3rd day of July, 1947, in Randolph County, Missouri." The corporation filed its answer and also a motion to dismiss, the grounds of the latter being that the amended petition "constitutes an entire substitution of parties defendant," and for the further reason that the same "fails to state a claim on which relief can be granted." On the hearing of the motion to dismiss, it was stipulated that "at the time of the filing of the original petition that the three named parties who were joined as partners owned the corporation that was subsequently sued, and that the same three parties owned the corporation at the time of the filing of the purported amended petition." The motion to dismiss was sustained and plaintiff appealed.

The question presented is whether the amendment was permissible in the discretion of the court after the statute of limitations had become a bar to a new action. Plaintiff contends the amendment merely corrected a misnomer "by changing the description of the party defendant from that of a copartnership to a corporation."

Amendments correcting misnomers, even after the running of the statute of limitations, are almost universally upheld. However, we are constrained to hold that the facts here involved do not present that sort of situation, nor call for the application of that rule. " 'The fact that the name of the corporation was the same as that of the [partnership] firm, and that the stockholders therein were the members of the firm, can make no difference. In the eye of the law, the firm and the corporation are two different persons.' 73 Mo. 694." Thompson v. Allen, 86 Mo. 85, 88. We think it is plain that there was a substitution of a new party defendant (the corporation) for and in the place of the individuals originally sued. Where the amendment is deemed a substitution or entire change of parties, it will not be allowed. 39 Am. Jur., Parties, § 126. In one of the latest Missouri cases involving this question, Haney v. Thomson, 339 Mo. 505, 98 S. W. 2d 639, the court in banc thus stated the applicable rule: "The general rule is well settled that, where new parties are brought in by amendment, and by process issued thereon, the statute of limitations continues to run in their favor until thus made parties. 37 C. J., pp. 1066, 1067, § 502. Jaicks v. Sullivan, 128 Mo. 177, 30 S. W. 890; Hiller v. Schulte, 184 Mo. App. 42, 167 S. W. 461; Gresham v. Talbot, 326 Mo. 517, 31 S. W. 2d 766; Cytron v. Transit Co., 205 Mo. 692, 702, 104 S. W. 109; Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618, 23 Am. St. Rep. 887." See, also, Anderson v. Doran, (Mo. App.) 211 S. W. 80; Meyer v. Oregon Interurban Railway Co., 219 Mo. App. 360, 271 S. W. 865; Campbell v. Webb, 356 Mo. 466, 202 S. W. 2d 35.

Haney v. Thomson, supra, was decided in 1936, before the enactment of the new Civil Code. It treats of the question at great length; and, although not cited in either brief, is controlling here, unless its authority has been weakened or destroyed by the subsequently enacted provisions of §§ 17 and 81 of the Civil Code of Missouri, §§ 847.17, 847.81, Mo. R. S. A. Plaintiff points to the following language of § 17, § 847.17, Mo. R. S. A.: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." She also invokes § 81, § 847.81, Mo. R. S. A., providing as follows: "A party may amend his pleading as a matter of course at any time before a responsive pleading is filed and served * * * and leave shall be freely given when justice so requires." These code provisions may not be read apart from applicable statutes of limitations. To do so would render the latter nugatory, a consequence manifestly not intended by the Legislature.

The judgment is affirmed. All concur.