Joseph T. ELROD, Plaintiff-Respondent,

v.

LAFAYETTE ELEVATOR COMPANY, Defendant-Appellant.

No. 23911.

Kansas City Court of Appeals.

Missouri.

June 1, 1964.

---

---

Roy F. Carter, Kansas City, for appellant.

Piedimonte & Cochran, William Piedimonte, Thomas D. Cochran, Independence, for respondent.

BROADDUS, Presiding Judge.

This case originated when plaintiff filed a petition for damages in the Circuit Court of Jackson County, Missouri, at Independence on February 7, 1958, against Lafayette Farm Supply, Inc., and Henry Brocket. He alleged that he was involved in a motor vehicle accident in Jackson County, Missouri, on October 3, 1955, between a vehicle he was operating and one that was being operated by defendant, Henry Brocket. He alleged that defendant, Henry Brocket, was the agent and servant of defendant Lafayette Farm Supply, Inc. He alleged that he sustained certain injuries and property damage as a result of said collision.

Service thereafter was attempted on Henry Brocket at his usual place of abode in Lafayette County, Missouri, by the sheriff of Lafayette County. Brocket filed a motion to quash the sheriff's return, and this case was later voluntarily dismissed as to him.

Defendant, Lafayette Farm Supply, Inc., filed its answer to plaintiff's petition in which it denied the allegations of agency between it and the defendant, Henry Brocket.

Thereafter, on November 4, 1960, plaintiff filed his first amended petition against Lafayette Farm Supply, Inc., only again alleging that Henry Brocket was the agent and servant of the defendant Lafayette Farm Supply, Inc. That defendant filed its answer to plaintiff's first amended petition denying the allegations of agency between it and Henry Brocket.

Thereafter, in answer to a request for admissions propounded to it, Lafayette Farm Supply, Inc., denied that Henry Brocket was its agent, servant and employee.

Thereafter, on December 5, 1960, plaintiff filed his second amended petition for damages, adding as parties defendant, Lafayette Transport Company and Lafayette Elevator Company. Lafayette Farm Supply, Inc., filed its answer to plaintiff's second amended petition in which it continued to deny the allegations of agency between it and Henry Brocket.

Lafayette Transport Company and Lafayette Elevator Company filed their motion to dismiss the action as to them on the grounds that plaintiff's petition showed on its face that it was an action for personal injuries arising out of an automobile accident that occurred on October 3, 1955, and that plaintiff's second amended petition was filed December 5, 1960, which was more than five years after plaintiff's cause of action accrued, and was barred by the statute of limitations, V.A.M.S. § 516.120. This motion was sustained by the court on February 25, 1961, and plaintiff was given ten days in which to file an amended petition. This time was extended several times until June 15, 1961, at which time the plaintiff voluntarily dismissed his second amended petition against Lafayette Transport Company and Lafayette Elevator Company.

On June 16, 1961, plaintiff filed a motion to correct the misnomer in the defendant's name by substitution of the word "Elevator" for the words "Farm Supply, Inc., in plaintiff's second amended petition. On June 30,

1961, in the absence of defendant's attorney and without hearing evidence, this motion was sustained.

Thereafter, Lafayette Elevator Company appeared specially and filed its motion to dismiss stating that the action of the court in allowing plaintiff to correct a misnomer was done without notice to the Lafayette Elevator Company and was done more than five years after plaintiff's cause of action arose, and was thus barred by the statute of limitations. Lafayette Elevator Company further set out that it had never been served with summons or a copy of the petition as required by law; that an attempt had been made to make it a defendant theretofore; that the action had been dismissed as to Lafayette Elevator Company on the grounds that the action was barred by the statute of limitations; that this action of the court had never been set aside and was a bar to further proceedings concerning this question; that correcting a misnomer was an attempt to state a cause of action against Lafayette Elevator Company after the expiration of five years and was barred by the court's action in dismissing this action as to Lafayette Elevator Company and that Lafayette Elevator Company had never been notified since the court's action in dismissing plaintiff's petition as to it that it was a party to this lawsuit, and had not been afforded an opportunity to object thereto. This motion of Lafayette Elevator Company was by the court overruled and after an abortive attempt to obtain prohibition which was denied by the Supreme Court on the ground "that remedy by appeal is adequate", Lafayette Elevator Company appeared specially and filed its answer to plaintiff's petition in which it stated that it had never been served with summons or copy of petition; that there was no misnomer in plaintiff's second amended petition; that the action of the court in allowing the plaintiff to substitute "Elevator" for "Farm Supply, Inc.," was without notice to Lafayette Elevator Company, and without affording it an opportunity to object, and without evidence to support the claim of misnomer and amounted to an unlawful substitution of parties; that the court had theretofore dismissed the action as to Lafayette Elevator Company on the grounds that the action was barred by the statute of limitations; that this action was never set aside and was a bar to further proceeding in this regard and was *Res Judicata,* and that any action against Lafayette Elevator Company was barred by the statute of limitations.

Thereafter, this case was tried resulting in a verdict and judgment for plaintiff, from which judgment the defendant has appealed.

Appellant contends that the trial court erred in sustaining respondent's motion to correct a misnomer in respondent's second amended petition and overruling appellant's motion to dismiss because: The correction of the alleged misnomer amounted to a substitution of parties defendant, was a correction of a pleading, itself filed after the statute of limitations had run.

■ On June 30, 1961, the Court sustained respondent's motion and substituted the word "Elevator" for the words "Farm Supply, Inc.," in plaintiff's second amended petition. The plaintiff's second amended petition was filed on December 5, 1960, which was more than five years after the happening of the accident alleged therein on October 3, 1955. No action was taken, nor was any asked for in connection with plaintiff's original petition, first amended petition, the summons, nor the return of the Sheriff. Thus, an amendment to plaintiff's second amended petition still leaves the plaintiff without the statute of limitations because such amended petition was filed after the statute had run. It was held in Bruun v. Katz Drug Company, Inc., et al., 359 Mo. 334, 221 S.W.2d 717, l. c. 718:

"Where a plaintiff files an amended petition bringing into the case new defendants, and if between the time of the commencement of an action and the time when new defendants are brought

into the case the period of limitation prescribed by law for such an action has expired, the new parties may plead the statute as a bar of their liability, although the defense may not be available to the original defendants, Jaicks v. Sullivan, 128 Mo. 177, 30 S.W. 890. It follows that appellant's contention that there is no new cause of action stated in the supplemental petition but a continuing cause of action bringing in facts and circumstances occurring after the filing of the original petition and therefore the running of the statute of limitations is tolled is without merit. * * * *."

■ In the instant case, the plaintiff has substituted one corporation for another, i. e. Lafayette Elevator Company for Lafayette Farm Supply, Inc. That these are separate corporations and known by the plaintiff to be separate corporations is shown by plaintiff's second amended petition in which he sued Lafayette Farm Supply, Inc., Lafayette Elevator Company and Lafayette Transport Company and obtained service on all three companies. It goes without saying that two different corporations are in the eyes of the law, two different persons. In Daiprai v. Moberly Fuel and Transfer Company, 359 Mo. 789, 223 S.W. 2d 474, the plaintiff filed an amended petition changing the name of the defendant from certain individuals sued as co-partners operating under the name of "Moberly Fuel and Transfer Company" to a corporation by that name. In that case the Court quoting from Thompson v. Allen, 86 Mo. 85, 88, said, l. c. 476 of 223 S.W.2d:

"The fact that the name of the corporation was the same as that of the (partnership) firm, and that the stockholders therein were the members of the firm, can make no difference. In the eye of the law, the firm and the corporation are two different persons."

And went on to hold:

"We think it is plain that there was a substitution if a new party defendant (the corporation) for and in the place of the individuals originally sued. Where the amendment is deemed substitution, or entire change of parties, it will not be allowed."

In the instant case there is not even an identity in names such as in the cited case and two separate corporations are involved.

In Haney v. Thomson, 339 Mo. 505, 98 S.W.2d 639, the plaintiff sued "Thomson Brothers' Rock Company, a corporation", and after the running of the statute of limitations amended his petition to correct the allegation that Thomson Brothers' Rock Company was a corporation and set out that the company was a partnership composed of certain individuals, and inserted their names as doing business under that name. No new service was acquired and it was claimed that certain pleadings in the case constituted an entry of appearance. After reviewing several decisions the Court held, l. c. 644 of 98 S.W.2d:

"It has been seen that mere procedural or amendable defects arising in the orderly functioning of courts of record in their disposition of proceedings over which, and of the parties thereto, they are possessed of jurisdiction; that is, of the right to proceed in due course to final judgment. Such jurisdiction is, of course, vital. This mere right of amendment to correct defects is casual, of far less importance, and is curable under the provisions of section 819 R.S. of Mo. 1929, § 819, p. 1077; but this section has no application to this case. Lack of jurisdiction is incurable and spells death to the cause sought to be maintained without it. We hold that in the former case the circuit court did not acquire jurisdiction of these respondents prior to the time they were brought in by process directed against them individually."

Thus it is seen that the statute of limitations continues to run against a substituted party until it is brought in by process. In the instant case, no such process has been served upon Lafayette Elevator Company, and an attempt to substitute it for the entirely different corporation Lafayette Farm Supply, Inc., is ineffective because it is a separate corporation and because such substitution was sought to be done after the statute of limitations had run.

Respondent asserts that appellant could not have entered its appearance, pleaded to the merits and tried the instant case without waiving the question of jurisdiction.

The appellant raised the question of the Court's jurisdiction at its first opportunity in its motion to dismiss. When that was overruled, out of an over-abundance of caution, it applied to the Supreme Court for prohibition, which was denied by that Court on the ground that remedy by appeal was adequate. Whereupon, appellant appeared specially, and filed its answer reasserting the grounds which had been set out in its motion to dismiss.

Rule 55.31 of the Rules of Civil Procedure, V.A.M.R. provides that the following objections, among others, may be raised by motion: Lack of jurisdiction over the subject matter; lack of jurisdiction over the person; insufficiency of process; and insufficiency of service of process.

Rule 55.37 provides:

"A party who makes a motion may join with it the other motions provided for and made available to him. No objection is waived by being joined with one or more other objections in the motion, *nor shall pleading over or entering into the trial of the merits be deemed to waive any objection properly raised by motion.*" (Emphasis ours.)

State ex rel. Ballew v. Hawkins, Mo. App., 361 S.W.2d 852, l. c. 858, in construing these rules, holds:

"But the new code has considerably lightened the burden of one who wishes to question the jurisdiction. A party may now join his objection to jurisdiction with any other motion now available, and a pleading over does not waive any objection properly raised by motion.

\*  \*  \*  \*  \*  \*

"Certainly the defendant did not *intend* by such motion to enter his appearance or to do other than file a pleading requesting the court not to proceed with the cause because of lack of jurisdiction to so proceed. (Court's emphasis.)

\*  \*  \*  \*  \*  \*

"We are of the opinion that the defendant appeared only to the extent of requesting determination of the right of the court to proceed with the case and no further. To hold otherwise would be to open the door to a vitiation of the intent and purpose of our process and venue statutes by means of bringing suits, getting the defendant into court in order to protest jurisdiction to proceed, and then fastening upon him the grip of his own unintended waiver. We think this is contrary to the purposes of the code." (l. c. 859).

This, the appellant has sought to do in the instant case. The question of the Court's jurisdiction over it was raised in its first pleading and has been raised at every opportunity since then.

We have examined the cases relied upon by respondent. They were all decided prior to the adoption of our new code.

The judgment is reversed.

All concur.