The **WESTERN CASUALTY & SURETY CO., a corporation, Plaintiff-Appellant.**

v.

**John D. LAMPING, Defendant-Respondent.**

No. 35342.

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 5, 1974.

John J. Donnelly, St. Louis, for plaintiff-appellant.

Harlan & Harlan, Clayton, for defendant-respondent.

GUNN, Judge.

Plaintiff-appellant appeals from an order sustaining defendant-respondent John D. Lamping's motion to dismiss on the ground that plaintiff's action was commenced after the running of the five year statute of limitations, § 516.120 RSMo 1969, V.A.M.S. We affirm.

On April 22, 1967, an automobile driven by John D. Lamping collided with a vehicle driven by plaintiff's assured. It was evident from the police report of the accident that John D. Lamping was the driver of the automobile; that the car was owned by John A. Lamping. On February 28, 1972, plaintiff filed its subrogation suit against John A. Lamping. A general denial was filed to plaintiff's petition. On October 4, 1972, more than five years from the date of the accident, plaintiff amended its petition by interlineation, substituting the initial "D" for the initial "A", and on November 28, 1972, an alias summons was served on John D. Lamping bringing him into the case. John D. Lamping filed a motion to dismiss on the grounds that the plaintiff's action was commenced more than five years after the accident. The motion was sustained.

Plaintiff argues that the use of the initial "A" instead of "D" constituted a mere misnomer which may be corrected even after the statute of limitations has run.

Both parties acknowledge, however, that there are two different persons involved, and that John A. Lamping, the wrong person, was the only party served within the five year period after the accident. The plaintiff sued and served the wrong party within the statutory period and, too late, wants to bring in the right party. This cannot be done. Elrod v. Lafayette Elevator Co., 379 S.W.2d 852 (Mo.App.1964), is dispositive of the issues in this case. There, the court held, quoting from Bruun v. Katz Drug Co., Inc., 359 Mo. 334, 221 S.W.2d 717, 718 (Mo.1949):

> "Where a plaintiff files an amended petition bringing into the case new defendants, and if between the time of the commencement of an action and the time when new defendants are brought into the case the period of limitation prescribed by law for such an action has expired, the new parties may plead the statute as a bar to their liability, although the defense may not be available to the original defendants."

See also Daiprai v. Moberly Fuel and Transfer Co., 359 Mo. 789, 223 S.W.2d 474, 476 (1949), which holds that the substitution of a new party defendant—in this case John D. Lamping—for an individual originally sued will not be allowed where the statute of time limitations has elapsed.

Plaintiff relies on Orona v. Consolidated Cab Company, 373 S.W.2d 486 (Mo.App. 1963) as authority for the proposition that misnomer is immaterial if the intended party is actually sued. But here, admittedly, there were two individuals, and the defendant was not filed against until after the statute of limitations had run its course.

Plaintiff's reliance on Walker v. Wabash Railroad Co., 193 Mo. 453, 92 S.W. 83 (1906) is misplaced. The substitution of names allowed in that case was as to the name of the decedent in a wrongful death case, not the defendant who had been properly named and served. The Walker case is not applicable.

The order dismissing plaintiff's petition is affirmed.

SMITH, P. J., and CLEMENS, J., concur.