Wilbur HUMMELL, Plaintiff-Appellant,

v.

Donald L. BUTTON,
Defendant-Respondent.

No. 37166.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Aug. 31, 1976.

Motion for Rehearing and for Transfer to
Supreme Court Denied Sept. 30, 1976.

Shaw, Howlett & Schwartz, Clayton, for
plaintiff-appellant.

Robert F. Ritter, St. Louis, for defend-
ant-respondent.

SMITH, Chief Judge.

Plaintiff appeals from an order sustain-
ing defendant's motion to dismiss on the
basis that plaintiff's suit is barred by limi-
tations. We affirm.

The automobile accident giving rise to
the litigation occurred on July 7, 1969. Suit
was filed on May 30, 1973, against Donald
L. Dutton. Service was attempted on
"Donald L. Dutton" on four occasions
through February 28, 1975. All were un-
successful. On April 9, 1975, plaintiff
amended his petition changing defendant's
name from "Donald E. Dutton" to "Donald
E. Button." Donald L. Button was served
on April 23, 1975.

We find this case to fall squarely within
the cases of *Western Casualty and Surety
Co. v. Lamping*, 507 S.W.2d 38 (Mo.App.
1974); *Elrod v. Lafayette Elevator Co.*, 379
S.W.2d 852 (Mo.App.1974); *Bruun v. Katz
Drug Co. Inc.*, 359 Mo. 334, 221 S.W.2d 717
(1949); *Daiprai v. Moberly Fuel & Transfer
Co.*, 359 Mo. 789, 223 S.W.2d 474 (1949).

We do not find this a mere misnomer case
as plaintiff contends. Defendant was never
served until after the statute of limitations
had run on July 7, 1974. This is not a case
where the correct defendant is timely
served under the wrong name and subse-
quent amendment is made. While plaintiff
may have intended to sue Button as the
driver of the car, the petition and summons
directed to Dutton does not properly distin-
guish the legal entity plaintiff intended to
sue sufficiently to put Button on notice of
the fact of suit.[1] The subsequent amend-
ment, therefore, was not the mere correc-
tion of a misnomer but was the introduction
of a new defendant to the suit. In that

---

1. In *Maddux v. Gardner*, 239 Mo.App. 289, 192
S.W.2d 14 (1945), relied on by plaintiff, the
proper name of the train engineer was substi-
tuted for "John Doe" after the Statute of Limi-
tations had run. The petition, however, made
clear the legal entity intended to be sued and
that "John Doe" was a fictitious name for a
person whose name was unknown.

situation the rule stated in *Bruun v. Katz Drug Co. Inc.*, supra, is applicable:

"Where a plaintiff files an amended petition bringing into the case new defendants, and if between the time of the commencement of an action and the time when new defendants are brought into the case the period of limitation prescribed by law for such an action has expired, the new parties may plead the statute as a bar of their liability, although the defense may not be available to the original defendants." (l.c. 718).

The judgment is affirmed.

NORWIN D. HOUSER and ALDEN A. STOCKARD, Special Judges, concur.