Lisa CALIFF, a minor, by Elizabeth Califf, her mother and next friend, Plaintiff,

v.

The COCA–COLA COMPANY, a corporation, Defendant.

The COCA–COLA COMPANY, a corporation, Third-Party Plaintiff,

v.

OWENS ILLINOIS GLASS COMPANY, a foreign corporation, Third-Party Defendant.

No. 69 C 2314.

United States District Court, N. D. Illinois, E. D.

April 29, 1971.

Frank L. Mackey, Chicago, Ill., for plaintiff.

Dennis J. Horan, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant and counter-plaintiff.

Joseph P. Carr, Gardner, Carton, Douglas, Chilgren & Waud, Chicago, Ill., for third-party defendant.

## MEMORANDUM OPINION

Motions for Summary Judgment

MAROVITZ, District Judge.

This is a product liability tort action arising out of the explosion of a soft drink bottle which injured the minor plaintiff's eye. Jurisdiction is based on diversity, 28 U.S.C. § 1332.

The bottle in question was a bottle of Coca-Cola, a well known carbonated beverage. Plaintiff alleges that defendant, the Coca-Cola Company (CCC), manufactured and sold the relevant bottle. CCC has moved for summary judgment on the grounds that it did not make, fill, distribute, market or sell the subject bottle, and that it should not be held liable for the tortious conduct of its wholly owned subsidiary, the Coca-Cola Bottling Company of Chicago (Chicago Bottling).

CCC has also filed a Third Party Complaint against Owens Illinois Glass Company (Owens) alleging that Chicago Bottling purchased glass bottles from Owens and that if plaintiff prevails, then CCC is entitled to be indemnified by Owens. Owens has filed a motion to dismiss the plaintiff's Complaint and a motion to dismiss the Third Party Complaint.

On a sparser record, this Court previously denied a similar motion by CCC to dismiss. By minute order dated January 8, 1970, we ruled that "Motions to dismiss are generally disfavored. In the

interest of justice and in the absence of facts clearly indicating that the Coca-Cola Bottling Co. of Chicago is not the alter-ego or mere conduit, adjunct or instrumentality of its parent, the defendant, the motion to dismiss is denied."

The present record is somewhat fuller, and the material facts are not in dispute. CCC owns all of the 100 issued shares of capital stock in Chicago Bottling. No Director of CCC also serves as a Director of Chicago Bottling. There are no common officers between the two companies with the exception of an Assistant Treasurer and an Assistant Secretary who serve in the same capacity in both corporations. The two companies do not share physical facilities, plants or offices with each other. Neither are their bank accounts shared. The advertising of Chicago Bottling is done in its own name and not that of CCC.

Moreover, CCC does not manufacture, sell or furnish or purchase or obtain soft drink bottles. Rather, it manufactures and sells a syrup which bottlers prepare into the final soft drink product. CCC was never in possession or control of the subject bottle. The relevant bottle was manufactured by Owens and sold by it to Chicago Bottling. CCC had no control over the bottling process.

 These undisputed facts leave no doubt CCC's involvement in the alleged tort is tangential. Mere stock ownership is insufficient to make a parent corporation liable for the tortious acts of its subsidiary. Noto v. Cia Secula di Armanento, 310 F.Supp. 639, 646 (S.D. N.Y.1970); Gordon v. International Telephone and Telegraph Corp., 273 F. Supp. 164, 166 (N.D.Ill.1967). The undisputed facts of the present record depict a real corporate separateness between CCC and Chicago Bottling. Apart from the similarity in names and plaintiff's unsupported allegations of control, there is no indication that the parent CCC directs Chicago Bottling or its bottling process. Moreover, there is no suggestion that CCC's subsidiary Chicago Bottling was established or op-

erates as a sham, decoy or dummy corporation, that it is insolvent or of insufficient net worth, that corporate form has been used to defraud, or that unfairness would result from a failure to treat these two corporations as one. Steven v. Roscoe Turner Aeronautical Corp., 324 F.2d 157, 160–161 (7th Cir. 1963); American Trading & Production Corp. v. Fischbach & Moore, Inc., 311 F.Supp. 412, 416 (N.D.Ill.1970); Noto v. Cia Secula di Armanento, 310 F.Supp. 639, 646 (S.D.N.Y.1970).

In light of this record, then, we now find that the defendant, CCC, cannot be found liable for the tortious conduct, if any, of its wholly owned subsidiary, Chicago Bottling. Consequently, defendant's motion for summary judgment is granted. The Third Party Complaint becomes moot at this point, and will also be dismissed without prejudice as will the original Complaint.