Frank MILES and Harland F. Weber,
Plaintiffs,

v.

COCA–COLA BOTTLING COMPANY and
Pepsi-Cola Bottling Company,
Defendants.

Ronald DEIG, on behalf of himself and
all others similarly situated,
Plaintiff,

v.

PEPSI COLA METROPOLITAN BOT-
TLING COMPANY, INC.
and
The Coca–Cola Company, Defendants.

Nos. 72–C–631, 72–C–581.

United States District Court,
E. D. Wisconsin.

May 18, 1973.

870

James M. O'Connell, Milwaukee, Wis., for Miles & Weber.

McLario, Bernoski & Koener by Ronald S. Koener, Menomonee Falls, Wis., for Deig.

Foley & Lardner by Steven E. Keane & James P. Brody, Milwaukee, Wis., for Coca-Cola.

Michael, Best & Friedrich by John MacIver & Richard T. O'Neil, Milwaukee, Wis., for Pepsi-Cola.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in these cases seek relief under the Robinson-Patman Act. They are gasoline service station operators who claim to be the victims of discriminatory pricing policies followed by the defendants. They allege that they have been compelled to pay higher prices for the defendants' beverages than other retail outlets with which they compete. All named plaintiffs operate in the Milwaukee, Wisconsin, area; the plaintiff Deig, however, seeks to represent a class consisting of "all persons similarly situated in every state in the United States", according to his brief.

The Coca-Cola Company has moved for summary judgment in *Deig*, The Coca-Cola Bottling Company of Wisconsin has moved to dismiss in *Miles*, and the Pepsi-Cola Metropolitan Bottling Company has moved to dismiss in both cases. All motions have been fully briefed by the parties.

■ The plaintiff Deig's complaint alleges that he has made purchases from the defendant Coca-Cola Company ("Coke"). Coke's answer points out that his dealings have actually been with the Coca-Cola Bottling Company of Wisconsin ("Bottling"). Coke's summary judgment motion is based on the assertion that the plaintiff simply has sued the wrong party. Mr. Deig concedes that he dealt with Bottling rather than Coke, but urges that Coke controlled Bottling's pricing policies. He suggests that this is a sufficient factual issue to preclude summary judgment, although not so pleaded.

Mr. Deig's assertion of Coke's pricing control is supported only by hearsay contained in his own affidavit. Coke has submitted affidavits from officials of both Coke and Bottling which state unequivocally that Bottling, although wholly owned by Coke, is a separate, autonomous entity which operates only in Wisconsin and is responsible for its own pricing policies. The plaintiff Deig's assertions, based as they are on hearsay,

are insufficient to create a genuine material factual issue. Daily Press, Inc. v. United Press International, 412 F.2d 126, 133 (6th Cir. 1969); Rule 56(e), Federal Rules of Civil Procedure.

■ The only legal issue involved in Coke's motion is whether Coke is exposed to Robinson-Patman liability solely by reason of its parent status. The answer is no. Baim & Blank, Inc. v. Philco Corp., 148 F.Supp. 541, 543–44 (E.D.N.Y.1957); see also Califf v. Coca-Cola Company, 326 F.Supp. 540, 541 (N.D.Ill.1971). Thus, summary judgment dismissing the action as to this defendant is warranted.

■■ In the *Miles* case, the plaintiffs correctly name Bottling as a defendant rather than Coke. However, as the affidavits make clear, Bottling is not engaged in interstate commerce. Although it purchases concentrated beverage syrup from Coke, it manufactures and sells its products exclusively in Wisconsin. Section 2(a) of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a), is applicable only to defendants engaged in interstate commerce. Standard Oil Company v. FTC, 340 U.S. 231, 236–237, 71 S.Ct. 240, 95 L.Ed. 239 (1951). The defendant Bottling, therefore, is entitled to dismissal of the claims against it in *Miles*.

Even if Coke, whose operations are admittedly interstate, were a proper defendant or if Bottling could fairly be found to be active in interstate commerce, the law of this circuit would still necessitate dismissal. This is also the situation as to the defendant Pepsi-Cola Metropolitan Bottling Company ("Pepsi") in both *Miles* and *Deig*.

Although Pepsi is engaged in interstate commerce, all sales complained of here are entirely intrastate. Pepsi purchases concentrates from its parent, PepsiCo, Incorporated, but an inventory of such concentrates is maintained at Pepsi's local bottling plant in Milwaukee. Pepsi purchases all its other ingredients and containers from various sup-

pliers and maintains inventories of such items at its local bottling plant. Pepsi's own beverages are produced and bottled at the local plant. Canned beverages also sold by Pepsi are purchased from an independent canning company located in Wisconsin. Retail customer sales are made by Pepsi's local bottling plant employees who sell from their trucks and do so only in Milwaukee, Waukesha, Ozaukee, and Washington counties in Wisconsin. All the sales involved here —those to the plaintiffs and those to the plaintiffs' competitors—followed this pattern.

■ This is clearly a "secondary line injury" claim since it involves alleged injury to competition between customers of the seller. In such a case, a plaintiff must allege and prove that the defendant is engaged in interstate commerce, that unlawful discrimination occurred in interstate commerce and that at least one of the sales involved in the discrimination is in interstate commerce. Borden Company v. FTC, 339 F.2d 953, 955 (7th Cir. 1964).

■ The products involved here were produced and sold in Wisconsin. The competitors involved were local and purchased from the same local bottling company. Under the *Borden* ruling, the plaintiffs must demonstrate that at least one of the challenged sales was in interstate commerce. As in *Borden*, a "showing of discriminatory prices between local competitors [does] not fulfill the burden". Mayer Paving and Asphalt Co. v. General Dynamics Corp., 5 Trade Reg.Rep. (1972 Trade Cases), ¶ 74,030, at 92,262 (N.D.Ill.1972).

■■ The plaintiff Deig cannot rectify this jurisdictional defect by urging class action status. All persons "similarly situated" would be all persons claiming local discrimination as a result of intrastate sales. Proceeding as a class cannot cure deficiencies in the claims of the members of the class. Thomas v. Clarke, 54 F.R.D. 245, 249 (D.Minn.1971).

Therefore, it is ordered that the defendant Coca-Cola Company's motion for summary judgment in case 72–C–581 (Deig) be and hereby is granted; the action is dismissed as to the defendant Coca-Cola Company.

It is also ordered that the motion of the defendant Coca-Cola Bottling Company of Wisconsin to dismiss the complaint in case 72–C–631 (Miles) be and hereby is granted.

It is further ordered that the motions of the defendant Pepsi-Cola Metropolitan Bottling Company, Incorporated, to dismiss the complaints in both cases be and hereby are granted.

It is further ordered that both actions be and hereby are dismissed, without prejudice.