Thomas D. MOORE, Trustee for First Stop Book Shop, Inc., Appellant,

v.

MATTHEW'S BOOK COMPANY, INC., C. W. Albans & Co., Inc., Follet Book Co., Inc., Welch Allyn, Inc., Joseph Lynch, VP in charge of finance, St. Louis University, Logan College of Chiropractic, Carl G. Stifel Realty Co., Appellees.

No. 78–1864.

United States Court of Appeals, Eighth Circuit.

Submitted April 20, 1979.

Decided May 4, 1979.

Helton Reed, Jr., St. Louis, Mo., for appellant; Frank J. Niesen, Jr., of Thomas,

Busse, Goodwin, Cullen, Clooney & Gibbons, St. Louis, Mo., on brief.

Harold B. Bamburg, Bamburg & Heinz, St. Louis, Mo., for appellee Matthews; Kenneth J. Heinz, St. Louis, Mo., on brief.

Michael P. Casey, Evans, Hoemeke & Casey, St. Louis, Mo., for appellee Logan.

Before STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants Thomas D. Moore and First Stop Book Shop, Inc. (First Stop) appeal from the district court's[1] dismissal without prejudice of their cause of action against defendants Matthew's Book Company, Inc., C. W. Albans & Co., Follet Book Co., Welch Allyn, Inc., Joseph Lynch, Logan College of Chiropractic, and Carl G. Stifel Realty Co. In an unpublished order the district court dismissed the action at plaintiffs' cost on the grounds that the plaintiffs lacked capacity to sue and had failed to join indispensable parties. We affirm the district court.

This antitrust complaint was filed by First Stop on May 27, 1977, alleging that defendants combined to eliminate it as a competitor in the medical books and supplies market in St. Louis, Missouri. The defendants variously responded in their answers and motions to dismiss that, *inter alia*, First Stop lacked capacity to sue since its corporate existence had been forfeited effective January 1, 1977, for failure of the corporation to file its annual registration and antitrust reports with the state of Missouri. The defendants claimed that under Mo.Ann.Stat. § 351.525 (Vernon), a cause of action of a corporation which has forfeited its corporate charter must be prosecuted by the statutory trustees, not the corporation.

On July 19, 1977, a motion was made by plaintiff to substitute Thomas D. Moore as the real party in interest under Fed.R. Civ.P. 17(a). In the motion Moore alleged he was the president and "Statutory Trustee of said Corporation." The district court granted the motion to join Moore as party plaintiff, noting the lack of capacity of First Stop, and overruled defendants' motions to dismiss.

The matter was originally set for trial on June 12, 1978, was continued until October 23, 1978, and was further continued until October 25. On approximately October 16 Moore received a copy of Matthew's Book Company's trial brief, which asserted that under Missouri law the action must be brought by all of the statutory trustees and that the proper statutory trustees of the corporation were not joined in this action. Moore was one of the three statutory trustees of First Stop as defined in section 351.525. On October 25 Logan College filed its motion to dismiss, again raising the issue of lack of capacity for failure to join the other statutory trustees as parties. The district court heard arguments and then sustained the motion to dismiss without prejudice with costs assessed against Moore. A subsequent motion to reconsider the order of dismissal was denied on November 16, 1978.

Fed.R.Civ.P. 17(b) requires that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized," which in this case is Missouri. It is undisputed that the Missouri corporate charter of the original plaintiff, First Stop, was forfeited on January 1, 1977. In *Clark Estate Co. v. Gentry*, 362 Mo. 80, 240 S.W.2d 124, 127, *cert. denied*, 342 U.S. 868, 72 S.Ct. 109, 96 L.Ed. 653 (1951), the Missouri Supreme Court stated:

On the day of the forfeiture, the company's very being as a legal entity was destroyed and from that date the then officers and directors of the dissolved corporation became statutory trustees of its affairs for the purposes stated in the statute. * * *

Among the statutory rights forfeited was that of suing as a corporation. * *

1. The Honorable John K. Regan, Senior United States District Judge for the Eastern District of Missouri.

The corporation could no longer sue in its own name. Having no legal entity it could not be a party plaintiff or defendant at law or in equity. The right to assert its claims against these defendants was vested by law exclusively in the trustees. Only they—as such trustees, in their own names in behalf of the corporation, in their representative capacity— were entitled to institute the action filed on March 6, 1930.

Thus, it is clear that First Stop lacked capacity to maintain the action in the district court. *See also Levey v. Roosevelt Fed. Sav. & Loan Ass'n,* 504 S.W.2d 241, 245 (Mo.App.1973).

Mo.Ann.Stat. § 351.525 (Vernon) provides that upon forfeiture of a corporation's corporate charter

> the directors and officers in office when the forfeiture occurs shall be the trustees of the corporation, * * * and the trustees as such shall have power to sue for and recover the debts and property due the corporation, describing it by its corporate name, and may be sued as such; and the trustees shall be jointly and severally responsible to the creditors and shareholders of the corporation to the extent of its property and effects that shall have come into their hands.

■ In its order dismissing the action the district court stated that it had granted Moore's motion to become party plaintiff upon "his allegation that he was *the* statutory trustee" of First Stop. By the time Logan College filed its motion to dismiss it had become apparent, and is now undisputed, that Moore was merely *a* trustee, not *the* trustee, of First Stop. The district court held that section 351.525 requires that an action be brought by all of the statutory trustees. Thus, Moore lacked capacity to sue since the other trustees had not been joined.

■ We have not been cited to any Missouri cases directly addressing the issue of whether all the trustees must be joined in an action pursued by a corporation which has forfeited its charter. However, we give great weight to the interpretation of local law by the district court, and are convinced that its reading of section 351.525 is correct. *Cf. Clark Estate Co. v. Gentry, supra,* 240 S.W.2d at 127 (refers to trustees in the plural when discussing who may bring an action). All the trustees must be joined in the suit or adequate reasons given to explain their absence. A contrary interpretation not only goes against the plain language of the statute, but would also raise questions of whether the trustees not parties to the lawsuit would be bound by the results in a subsequent action and whether they would be liable for costs if the defendants prevail on the merits. Whatever right of action for damages belonged to the corporation at the time of the forfeiture vested in all of the statutory trustees jointly in their representative capacities and not in Moore as a trustee. Without joinder of the other trustees Moore lacked capacity to sue.

■ We are satisfied that defendants timely raised the issue of plaintiffs' lack of capacity to sue. The question of capacity to sue is whether the person bringing the suit has authority to use the courts of that jurisdiction. *Basch v. Talley Indus., Inc.,* 53 F.R.D. 9 (S.D.N.Y.1971). Here that authority was lacking both as to First Stop and Moore, as a statutory trustee. Accordingly, the district court properly dismissed the action without prejudice and assessed costs against the plaintiffs.[2] *See, e. g., Moore v. Mitchell,* 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673 (1930); *Lewis v. Fontenot,* 110 F.2d 65 (5th Cir.), *cert. denied,* 311 U.S. 621, 61 S.Ct. 315, 85 L.Ed. 394 (1940); *Mann v. De Moss,* 323 F.Supp. 1126 (S.D.Iowa 1971).[3]

Affirmed.

---

**2.** The main reason for this appeal appears to be that the defendants filed a bill of costs for $999. It was conceded in oral argument before this court that these costs are largely attributable to the taking of depositions which will be available for use if the case is refiled. Our decision on this appeal does not prevent plaintiffs from requesting the district court to reassess such costs if they ultimately prevail on the merits.

**3.** Alternatively, in view of Moore's representation to the court that he was *the* trustee, we are

---

persuaded that the court did not abuse its discretion in dismissing without prejudice for failure to join indispensable parties under Fed.R. Civ.P. 12(h)(2).