476 F.Supp. 1054 (1979)
FIRST STOP BOOK SHOP, INC., et al., Plaintiffs,
v.
MATTHEWS BOOK COMPANY, INC., et al., Defendants.
No. 79-819C(2).
United States District Court, E. D. Missouri, E. D.
September 28, 1979.
Helton Reed, Jr., James D. Cullen, Thomas, Busse, Goodwin, Cullen, Clooney & Gibbons, St. Louis, Mo., for plaintiffs.
Mark D. Hirschfeld, Julius H. Berg, P. C., St. Louis, Mo., for defendant C. W. Albans.
*1055 Gerard F. Hempstead (Local), Susman, Stern, Heifetz, Lurie, Sheehan, Popkin & Chervitz, St. Louis, Mo., Howard L. Kastel/Susan A. Henderson/Freda J. Levenson, Altheimer & Gray, Chicago, Ill., for defendant Follett SL University Book Store & Follett Corp.
Harold B. Bamburg, Bamburg & Heinz, St. Louis, Mo., for defendant McCoy Surgical & Matthews Medical, Matthews Book Co.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on the motions of defendants Follett St. Louis University Book Store ("FSLUB") and Follett Corporation ("Follett") to dismiss. Plaintiffs instituted this action under the Sherman Anti-Trust Act, 15 U.S.C. §§ 1 and 2, alleging that these defendants conspired with four other defendants to monopolize the medical and allied health books and supplies business in the St. Louis, Missouri area.
Follett and FSLUB now move to dismiss on the grounds that plaintiffs, as trustees of First Stop Book Shop, Inc. ("First Stop"), a corporation whose charter was revoked for failure to file its Annual Registration Report pursuant to § 351.525 R.S.Mo. (1969), lack capacity to bring this suit. The capacity of a corporation, or its successor trustees, to sue or be sued is dependent upon state law. Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147 (1937). This also applies to suits brought under the Anti-Trust laws. Melrose Distillers v. United States, 359 U.S. 271, 79 S.Ct. 763, 3 L.Ed.2d 800 (1959). See, also, Rule 17(b), Federal Rules of Civil Procedure.
First Stop forfeited its corporate charter on January 1, 1977 for failure to file its annual registration report, pursuant to § 351.525 R.S.Mo. (1969). This section provides, in pertinent part, that:
. . . and the directors and officers in office when the forfeiture occurs shall be the trustees of the corporation, who shall have full authority to wind up its business and affairs, sell and liquidate its property and assets, pay its debts and obligations and to distribute the net assets among the shareholders; and the trustees as such shall have power to sue for and recover the debts and property due the corporation, describing it by its corporate name, and may be sued as such; . . . (emphasis added)
Follett and FSLUB initially argue that a tort action does not constitute "debts and property due the corporation" such that the trustees have capacity to bring this suit. This contention is not well founded.
In Illinois Power & Light Corporation v. Hurley, 49 F.2d 681 (8th Cir. 1931), the court dealt with the Missouri statute delineating the powers of trustees of voluntarily dissolved corporations. At that time, the language of that statute was basically the same as the present § 351.525, referring to the power to sue to recover "debts and property". The court held in that case that the statute authorized the institution of tort actions by the trustees. The court stated, at 685:
Having in mind the purpose of the statute, it would seem clear that, even though strictly speaking a debt may not include a tort, a chose in action, whether based upon contract or sounding in tort, is personal property, . . .
See, also, Nudelman v. Thimbles, 225 Mo. App. 553, 40 S.W.2d 475 (1931); Clark Estate Company v. Gentry, 362 Mo. 80, 240 S.W.2d 124 (1951). Therefore, the plaintiffs do not lack capacity to bring this suit merely because it sounds in tort.
A more serious obstacle to the maintenance of this suit is the trustees' delay prior to filing. The corporate charter of First Stop was forfeited on January 1, 1977, but this suit was not filed until July 5, 1979, more than two and one-half years later. Section 351.525 R.S.Mo. (1969) imposes no deadline by which statutory trustees must file suits to recover corporate debts and property. Obviously, though, such trustees *1056 can not delay indefinitely prior to the filing of such suits.
The Missouri statutory scheme differentiates between corporations voluntarily dissolved, and corporations which forfeit their charter due to fraud, criminal acts, or failure to comply with regulatory provisions. Suits against or on behalf of dissolved corporations must be commenced within two years of the dissolution. Section 351.565 R.S.Mo. (1969). Section 351.525 R.S.Mo. (1969), though, which deals with corporations whose charters are forfeited, sets no such time limitation on suits.
In Lynch v. Vincent, 55 F.Supp. 44 (W.D.Mo.1944), the court stated that in the absence of a statutory provision as to how long statutory trustees may continue to act for the dissolved corporation, a reasonable time after dissolution should be allowed. It is this Court's opinion that two and one-half years is more than a reasonable time. The statutory trustees are merely to wind up the corporation's affairs and effect the liquidation necessitated by the forfeiture. Their duties should be taken care of quickly and without unnecessary delay. Furthermore, there is no justification for allowing these trustees longer to effect the liquidation than trustees of a dissolved corporation. Therefore, these trustees lost the capacity to bring this suit by unnecessarily delaying.
The fact that a prior suit was instituted within the two year period by the corporation itself is irrelevant to this issue. The corporation, having forfeited its charter, lacked capacity to sue and only the statutory trustees could bring suit on behalf of the corporation. Moore v. Matthews Book Store, 597 F.2d 645 (8th Cir. 1979). The suit erroneously brought by the corporation does not extend the time in which the trustees, as the proper parties, have to bring suit; corporate survival statutes are not statutes of limitation, and are not tolled as are such statutes. Canadian Ace Brewing Co. v. Anheuser-Busch, Inc., 448 F.Supp. 769 (N.D.Ill.1978).
Follett's motion to dismiss must also be granted on a more fundamental ground. Plaintiffs allege no more against Follett than that it is the parent corporation of FSLUB. Plaintiffs in no way allege that Follett was part of the alleged conspiracy. Follett may not be held liable merely because of its status as parent of one of the alleged conspirators. Miles v. Coca-Cola Bottling Co., 360 F.Supp. 869 (E.D.Wis. 1973).
Therefore, the motions to dismiss of Follett and FSLUB will be granted.