**FIRST STOP BOOK SHOP, INC., Thomas D. Moore; Louise Moore as Trustees of First Stop Book Shop, Inc. and Trustees of First Stop Book Shop, Inc., Appellants,**

v.

**MATTHEWS BOOK COMPANY, INC.; Matthews Medical and Scientific Book Company; McCoy Surgical Supplies, Inc.; C. W. Albans, Inc., Appellees.**

**Follett Corporation, Follett St. Louis University Book Store, Appellee.**

**No. 79–2032.**

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1980.

Decided Feb. 4, 1981.

Helton Reed, Jr., St. Louis, Mo., argued, and Thomas, Busse, Goodwin, Cullen, Clooney & Gibbons by Frank J. Niesen, Jr., Richard J. Mehan, Jr., St. Louis, Mo., for appellants.

Harold B. Bamburg, St. Louis, Mo., Kenneth J. Heinz, St. Louis, Mo., argued, Bamburg & Heinz, St. Louis, Mo., for appellees Matthews Book Co., Matthews Medical & Scientific Books, Inc. and McCoy Surgical Instruments & College Supplies, Inc.

Gerald F. Hempstead, Susman, Stern, Heifetz, Lurie, Sheehan, Popkins & Chervitz, St. Louis, Mo., Howard L. Kastel, Chicago, Ill., Susan A. Henderson, Chicago, Ill., Freda J. Levenson, Chicago, Ill., argued, Altheimer & Gray, Chicago, Ill., for appellee Follett St. Louis University Book Store, Inc.

Before STEPHENSON, Circuit Judge, KUNZIG,* Court of Claims Judge, and McMILLIAN, Circuit Judge.

* The Honorable Robert L. Kunzig, Judge, United States Court of Claims, sitting by designation.

McMILLIAN, Circuit Judge.

This is an appeal from dismissal of action under the Sherman Anti–Trust Act, 15 U.S.C. §§ 1, 2, brought by statutory trustees of First Stop Book Shop, Inc. (First Stop) against Follett Corporation and its subsidiary Follett St. Louis University Book Store (collectively Follett) and four other defendants. The district court dismissed on the ground that the trustees lost the capacity to bring this suit on behalf of the dissolved corporation by unreasonable delay in filing suit. For the reasons discussed below, we reverse.

On January 1, 1977, First Stop forfeited its corporate charter in Missouri for failure to file its annual registration report as required by Mo.Stat.Ann. § 351.525 (Vernon Supp.1979).

Less than five months later, on May 27, 1977, First Stop filed its first complaint in district court alleging that the defendants had combined to eliminate it as a competitor in the medical books and supplies market in St. Louis, Missouri. Because a dissolved corporation lacks capacity to sue, a motion was made by First Stop to substitute Thomas D. Moore, one of its statutory trustees, as real party in interest. On motion of Follett, the original lawsuit was dismissed without prejudice on October 25, 1978, for failure to join indispensable parties, namely all the statutory trustees as required by Mo.Stat.Ann. § 351.525 (Vernon Supp.1979). Plaintiff appealed that decision, which was upheld by this court on May 4, 1979. *Moore v. Matthews Book Co.*, 597 F.2d 645 (8th Cir. 1979).

The instant lawsuit was filed in district court on July 5, 1979, by Thomas D. Moore and Louise Moore, the sole surviving statutory trustees of First Stop. It is undisputed that the substance of the first and second lawsuits was the same. Follett moved to dismiss on the ground that the trustees lacked capacity to sue because they did not bring suit within the time allowed by Missouri corporate survival statutes. Although Mo.Stat.Ann. § 351.525 (Vernon Supp.1979) sets no time limit for suits on behalf of corporations whose charters are forfeited,[1] such suits must be brought within a "reasonable" time after dissolution. *Lynch v. Vincent*, 55 F.Supp. 44, 48 (W.D. Mo.1944). Unquestionably, the original filing was within a reasonable time of dissolution, less than five months. But, looking only at the two and one–half years that had elapsed before the filing of the instant suit, the court held that the trustees lost the capacity to sue "by unnecessarily delaying." *First Stop Book Shop, Inc. v. Matthews Book Co.*, 476 F.Supp. 1054, 1056 (E.D.Mo. 1979). The district court granted Follett's motion to dismiss and, after denying the trustees' motion to reconsider, also granted motions of the remaining defendants to dismiss as to them.

The two state and two federal filings involved substantially the same cause of action.[2] The major change between the original suit and the instant suit was how the party suing on behalf of First Stop was denominated. Follett was put on notice of the suit by the filing of the original complaint. And Follett has not alleged any disadvantage to it as defendant[3] would accrue as a result of a new complaint which names the real party in interest.

Notwithstanding the ultimate adjudication that the first suit was brought by the wrong plaintiff, that defect was not apparent until a ruling from this court. In fact, we recognized then that there were no Mis-

1. In contrast, Mo.Stat.Ann. § 351.565 (Vernon 1966) sets a two–year limitation for suits on behalf of corporations which dissolved voluntarily. The district court imported this limit as a guideline.

2. The first federal petition did not name as defendants Matthews Medical and Scientific Book Company and McCoy Surgical Supplies, Inc., the subsidiaries through which defendant Matthews Book Company allegedly acted.

They were named in the second federal petition. The second federal petition also added attempted monopoly to the other antitrust allegations.

3. Follett says that Missouri public policy favors prompt liquidation and distribution of corporate assets. While this is true, Missouri law requires only that suits be brought within a reasonable time, which this one was. Missouri law does not limit the time spent in litigation.

souri cases on point. *Moore v. Matthews Book Co., supra,* 597 F.2d at 647. Certainly, First Stop had a right to appeal on that issue of first impression. Furthermore, in affirming the dismissal, we envisioned that First Stop would be allowed to correct that defect. Not only was the dismissal without prejudice, but also we stated, "Our decision on this appeal does not prevent plaintiffs from requesting the district court to reassess such costs if they ultimately prevail on the merits." *Id.* at n.2. Our opinion was handed down over two years after First Stop forfeited its charter. Unless First Stop was to be allowed to file a new complaint, our affirmance would have effected a dismissal with prejudice, and our statement about costs would have been misleading.

First Stop filed its second complaint within two months after our affirmance of the dismissal without prejudice. We disagree with the district court's view that the trustees lost the capacity to bring this action "by unnecessarily delaying." Under the circumstances, the trustees filed the instant complaint within a reasonable time after the corporate charter was forfeited.

Accordingly, we vacate the judgment of the district court and reverse and remand for further proceedings consistent herewith.