**MARK TWAIN ELECTRIC, INC., Appellant,**

v.

**James P. YALEM and Ross Boring, Respondents.**

**No. 60299.**

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 25, 1992.

Canice Timothy Rice, Jr., St. Louis, for appellant.

Gallop, Johnson & Neuman, Charles A. Seigel, III, Tod J. O'Donoghue, St. Louis, for respondents.

KAROHL, Judge.

Mark Twain Electric, Inc. (Mark Twain), brought a suit on account for materials and labor against James P. Yalem, Ross Boring and Arthur E. Prell as statutory trustees

of Big Four Manufacturing, Inc. (Big Four). Prell was never served; he no longer is a party to this litigation. On the morning of trial, the court sua sponte added Big Four as a party defendant and dismissed the suit against Yalem and Boring. It heard evidence on the underlying claim and entered judgment in favor of Mark Twain against Big Four. Mark Twain appeals the court's disposition of defendants, Yalem and Boring. We reverse.

The petition filed May 3, 1989, sufficiently pled a cause of action against Yalem and Boring as statutory trustees. It further alleged: (1) Big Four forfeited its corporate charter on January 1, 1985; (2) Yalem, Boring and Prell were the last known officers and directors of the corporation; and, (3) they are liable for the debt as the statutory trustees of the forfeited corporation pursuant to § 351.525 RSMo Cum.Supp. 1990. Defendants both motioned for summary judgment claiming they were not the statutory trustees because they were not the officers and directors of Big Four at the time of forfeiture. The court overruled both motions.

Prior to hearing plaintiff's evidence on the day set for trial the court announced that a jury trial on the issue of the status of Yalem and Boring as statutory trustees of Big Four would be "an exercise in futility when what we are really after is what are the corporate assets, who holds the corporate assets." The court refused to decide that issue. It then sua sponte added Big Four as a party defendant and indicated it would hear the evidence. Mark Twain offered into evidence a certificate from the secretary of state which stated the last known officers and directors of Big Four were Yalem, Boring and Prell.[1] Yalem and Boring offered affidavits which indicated they resigned as officers and directors before forfeiture.

The court then stated:

THE COURT: Well, I am not going to render a judgment against Yalem and Boring as Statutory Trustees, because I would take up the Motion for Summary Judgment Against [sic] and rule the Motion for Summary Judgment.

But *rather than do that*, my intention is to render a judgment against the corporation *so that* you can pursue corporate assets.

Then I was going to *dismiss* as to the individuals without prejudice. (Our emphasis).

Plaintiff objected to dismissal of the individual defendants. The court indicated it was not deciding whether they do or do not have any corporate assets of Big Four. If they did, the court stated a garnishment or execution will lie against them. The court then received Mark Twain's evidence as to the debt on the underlying claim. Prior to rendering judgment the court stated: "In view of the evidence in the file indicating a sale of all corporate assets by respondents [Yalem and Boring] prior to forfeiture no judgment could be rendered against them."

The order entered by the trial court is as follows:

Plaintiff appears by attorney Tim Rice. Defendants Yalem and Boring appear by attorney Charles Seigel. Court orders Big Four Manufacturing, Inc. joined as party defendant. Court dismisses cause as to defendants Yalem, Boring and Prell. Evidence adduced. Judgment rendered and entered in favor of plaintiff and against defendant Big Four Manufacturing, Inc in the sum of $16,909.74, plus interest at 9% per annum from October 24, 1984, being 9,938.09, aggregating $26,847.83 and costs.

On appeal it is claimed the court erred in granting summary judgment in favor of Yalem and Boring because: (1) there was no summary judgment motion before the court at that time; (2) no notice of the court's intent to reconsider a prior order denying summary judgment deprives defendants of due process; and (3) there is a genuine issue of material fact as to whether Yalem and Boring are the statutory trustees of Big Four.

It is not clear why both Mark Twain and defendants have focused on errors related

1. The certificate admitted into evidence was from the annual report filed in 1983.

to summary judgment. The order actually entered by the trial court was a dismissal as to Yalem and Boring. The same was recorded on the docket sheet. Furthermore, Mark Twain's notice of appeal states the order appealed from was an "order dismissing claims against Yalem and Boring." However, all the briefs refer solely to summary judgment, and during argument the parties continued to assume the court entered a summary judgment.

It was suggested during argument that the trial court rendered summary judgment because it considered more than the pleadings. Under certain circumstances that may indicate a summary judgment. *See* Rule 55.27(a) & (b). However, a correct statement of the applicable rule is where matters outside the pleadings are presented and considered by the court *on a motion to dismiss* it in effect becomes one of summary judgment. *Terre Du Lac Association, Inc. v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 210 (Mo.App.1987) (Our emphasis). Rule 55.27(a) recognizes a ruling based on the merits is in the nature of summary judgment. In this case the court sua sponte dismissed; it did not reach the merits. It failed to determine defendants' status as statutory trustees in a situation where statutory trustees are the only proper defendants to the litigation. *See Goff v. Schlegel,* 748 S.W.2d 813, 818 (Mo.App. 1988).

Plaintiff's appeal issues relate only to error in entering a summary judgment. The first two points raise issues relating to the procedural requirements surrounding summary judgment. The third point asks this court to review the trial court's determination that a specific material factual dispute did not exist. However, it is clear the court did not reach the merits and expressly did not enter summary judgment against defendants Yalem and Boring. It is therefore unnecessary to decide any of Mark Twain's three points on appeal.

This, however, does not dispose of the appeal. No one, at the trial level or in their briefs on appeal, question the propriety of the *court's addition* of Big Four as a defendant and that a judgment could be entered against the corporation. The court dismissed the individual defendants only because it apparently believed in the validity of the judgment against Big Four. At argument the parties agree the judgment against the corporation was a nullity. The forfeited corporation was improperly made a party. It did not exist. It could not be and was never on notice of the suit unless the individual defendants are statutory trustees, and that issue remains undecided. Naturally, no one defended the corporation.

It is well settled that "[o]n the day of forfeiture, the company's very being as a legal entity [is] destroyed." *Clark Estate Co. v. Gentry,* 240 S.W.2d 124, 127 (Mo.1951), *cert. denied,* 342 U.S. 868, 72 S.Ct. 109, 96 L.Ed. 653. The corporation having no legal entity cannot be a party plaintiff or defendant at law or in equity. *Id; Moore v. Matthew's Book Company, Inc.,* 597 F.2d 645, 647 (1979). Where a corporation is sued prior to forfeiture, the action is not affected by the lack of legal existence. Rule 52.13(e); *Vetter & Associates, Inc. v. Dimarco Corporation,* 733 S.W.2d 459, 462 (Mo.App.1986). The reason being, the trustees succeed to the interest of the corporation by operation of law under § 351.525. *Fisher v. Spray Planes, Inc.,* 814 S.W.2d 628, 630 (Mo.App.1991); *SAB Harmon Industries, Inc. v. All State Building Systems, Inc.,* 733 S.W.2d 476, 483 (Mo.App.1987). This is not the rule when suit is filed subsequent to forfeiture. Then a plaintiff must name and serve the statutory trustees in their own names on behalf of the corporation instead of the defunct corporation. *Goff,* 748 S.W.2d at 818; *Moore,* 597 F.2d at 647.

Here, Big Four forfeited its charter on January 1, 1985. Mark Twain initiated suit approximately four and one-half years subsequent to forfeiture. Thus, Big Four no longer exists and has no capacity to function as a corporation. The then officers and directors of Big Four on January 1, 1985, became the statutory trustees of its affairs. They became the necessary and proper parties to any suit initiated after this date on a debt of the corporation. We find Mark Twains' suit on account can

only be brought against the statutory trustees of Big Four whomever they may be.

The court gave no reason based on fact or law for the dismissal. The court may have thought Rule 52.13(e) applicable.[2] It may have also found the issue moot since it is clear from the transcript that the court believed a judgment against the corporation was sufficient to protect Mark Twain's interest and that the individual defendants were not necessary parties at that stage in the proceedings. It is possible the court dismissed for insufficiency of the pleadings if it felt the cause of action should have been against the corporation. Whatever the court's reasoning we find no basis to uphold dismissal of individuals alleged to be statutory trustees because under the then existing Missouri law they are the only proper parties under these circumstances. Section 351.525. The petition sufficiently plead a suit on account. It alleged Big Four forfeited its corporate charter and that respondents were the statutory trustees. We can find no factual or legal reasons to support the dismissals.

Accordingly, we reverse the judgment of the trial court for plaintiff against Big Four Manufacturing, Inc. and dismissal of plaintiff's claim against James P. Yalem and Ross Boring, alleged to be statutory trustees.

SMITH, P.J., and AHRENS, J., concur.