SHEPARD WELL DRILLING
COMPANY, et al.,
Respondents,

v.

ST. LOUIS COUNTY, Missouri,
Appellant.

No. 68040.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 31, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 11, 1995.

Application to Transfer Denied
Jan. 23, 1996.

Cynthia L. Kieschnick, Asst. County Counselor, St. Louis County, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joseph Bindbeutal, Asst. Atty. Gen., Jefferson City, for respondent Mo. Dept. of Natural Resources.

Edward J. Miller, Jr., Paul W. Kopsky, Kopsky & Associates, P.C., Chesterfield, for respondent Shepard Well Drilling.

GARY M. GAERTNER, Judge.

Appellant St. Louis County, a first class county in the State of Missouri ("County"), appeals from the judgment of the St. Louis County Circuit Court prohibiting it from enforcing certain sections of its ordinances against respondents, Shepard Well Drilling Company, James Weber, Imperial Well Drilling Company, Earl Beuchting, and Eddy Clark d/b/a Goss Well Drilling ("plaintiffs"). We affirm.

The facts are not in dispute. The "Water Well Drillers' Act," RSMo §§ 256.600 to 256.640,[1] prohibits persons from engaging in business as well installation contractors without obtaining a permit from the Missouri Department of Natural Resources, Division of Geology and Land Survey ("DNR"). RSMo § 256.607.1. The Water Well Drillers' Act also authorizes a "Well Installation Board" to "adopt and amend rules and regulations pursuant to chapter 536, RSMo, which may be reasonably necessary to govern the regulation of the well, the heat pump, monitoring well, and pump installation industry in the state of Missouri." RSMo § 256.606.1. These rules and regulations are set out in the "Well Construction Rules." 10 C.S.R. 23–1.010 *et seq.*

The Well Construction Rules apply to all wells in the state and cover, *inter alia,* the construction of wells, the installation of pumps for wells, the repair and maintenance of wells, and "the proper isolation of possible sources of contamination from existing wells to protect the quality of groundwater aquifers for providing safe drinking water supplies." 10 C.S.R. 23–1.020. With respect to the installation of pumps for wells, 10 C.S.R. 23–3.050(1)(G) of the Well Construction Rules provides:

> All plumbing or water supply distribution from the well to the point of entry hookup shall be installed and maintained in accordance with existing plumbing codes. A permitted well installation contractor or pump installation contractor must perform all plumbing which impacts the distribution of water from its source, through the pressure system to the point of entry inside or outside of the structure being served. This includes, but is not limited to, pressure tanks, water treatment equipment and any other materials needed to complete the initial installation of the water system, inside and outside of the structure,

---

[1] All statutory references are to RSMo 1994 unless otherwise indicated.

except as exempted in section 256.607, RSMo.

On December 11, 1992, County enacted Ordinance No. 16251 ("the Ordinance"), codified as Chapter 1103 of the St. Louis County Revised Ordinances. The Ordinance was enacted in accordance with RSMo §§ 341.090 to 341.220, the "Uniform Plumbing Code," which empowers county commissions for first class counties to adopt rules and regulations for the installation of water and plumbing facilities;[2] prohibits persons from engaging or working at the "business of plumbing" without a license from the county's board of plumbing and sewer inspection;[3] and requires that installation, construction, alteration or repair of any "plumbing or drainlaying or installation relating thereto" be done only by licensed plumbers who have obtained a permit from the appropriate county.[4]

Section 1103.120 of the Ordinance prohibits persons without a plumber's license from engaging in or performing the work of installing, altering or repairing plumbing. Section 1103.180 of the Ordinance requires persons performing any plumbing in, upon, or about any building or premise to obtain a permit from County, and further requires that permits for the installation of any plumbing be issued only to licensed, bonded and insured master plumbers. Section 1103.417.1.3 requires a permit from DNR before wells can be installed, and Section 1103.417.1.4 provides that potable water piping from a point two feet beyond the upper well terminal seal to the last potable connection or point of discharge must be installed by those licensed and bonded to install plumbing under the Ordinance.

In 1993 and 1994, County issued notices of violation and stop-work orders to James Weber, president of Shepard Well Drilling Company; to Earl Beuchting, president of Imperial Drilling Company; and to Eddy Clark, owner of Goss Well Drilling. All three companies had permits from DNR and were otherwise in compliance with the Water Well Drillers' Act. According to the notices, each recipient had violated the Ordinance by performing plumbing work—i.e., connecting the well to the building—without a plumber's license or a permit from County.

Plaintiffs filed suit, seeking a declaration that the applicable sections of the Ordinance were in irrevocable conflict with the Water Well Drillers' Act and the Well Construction Rules promulgated thereto. Plaintiffs also asked that County be enjoined from enforcing these sections to the extent they conflicted with the Water Well Drillers' Act. Plaintiffs and County filed opposing motions for summary judgment.

On February 10, 1995, the trial court issued an order granting plaintiffs' motion for summary judgment. The court found the Ordinance inconsistent with the Well Construction Rules and unenforceable to the extent it required permits or licenses other than the permits or licenses required by DNR, and enjoined County from enforcing the Ordinance to this extent. However, the court stated County could, by ordinance, "control all aspects of plumbing between the wellhead and point of entry hookup, such as the depth of burial of pipes, required sizing of water service pipes, and materials necessary for electrical grounding, but may not require a separate license or a separate permit to perform such work." County now appeals. Both plaintiffs and DNR filed briefs in response.

As there is no factual dispute, our review of the trial court's declaratory judgment concerns whether the court erroneously applied or declared the law. *Brown v. Melahn*, 824 S.W.2d 930, 932 (Mo.App.E.D. en banc 1992). We accord no deference to the trial court on matters of law. *Id.*

For its first point on appeal, County argues the trial court's interpretation of the Well Construction Rules is contrary to the Uniform Plumbing Code's requirement that all plumbing be done by plumbers licensed by and holding permits from the appropriate county, and is therefore erroneous. We disagree.

---

**2.** RSMo § 341.130.

**3.** RSMo § 341.160.

**4.** RSMo § 341.140.

■ Statutes are to be construed together and harmonized if possible. *O'Flaherty v. State Tax Com'n of Mo.*, 680 S.W.2d 153, 155 (Mo.banc 1984). However, where one statute deals with a subject in a particular way, and a second statute deals with the same subject in a more detailed way, the more general yields to the more specific. *Id.* at 154.

■ The legislature, through the Water Well Drillers' Act, delegated responsibility for regulation of "the well, ... and pump installation industry" to the Well Installation Board, entrusting this board with the authority to regulate the industry by means of the Well Construction Rules. Plaintiffs and DNR argue the well and pump installation industry encompasses not just the drilling of wells and insertion of pumps, but also the plumbing necessary for the "distribution of water from its source, through the pressure system to the point of entry inside or outside of the structure being served." In other words, the plumbing described in 10 C.S.R. 23–3.050(1)(G) is an integral part of well and pump installation. We find this interpretation persuasive. As only well installation contractors holding a permit from DNR may install groundwater wells and pumps, we think it clear the legislature intended to exempt well installation contractors from the licensing and permit requirements of the Uniform Plumbing Code with respect to the plumbing necessary to connect groundwater wells and pumps to buildings. The Water Well Drillers' Act is the more specific of the statutes and controls as to who is qualified to install this plumbing. Point denied.

■ For its second point on appeal, County asserts the trial court erred in finding the Ordinance inconsistent with the Well Construction Rules, as 10 C.S.R. 23–050(1)(G) requires compliance with existing plumbing codes. We disagree. The regulation's phrase "shall be installed and maintained in accordance with existing plumbing codes" requires compliance with "existing plumbing codes" only with respect to *how* the plumbing shall be installed and maintained, not with respect to *who* may do this plumbing. The trial court properly found the Ordinance enforceable to the extent it regulated the technical aspects of the plumbing (i.e., depth of burial of pipes, size of pipes), but invalid to the extent it required an additional license. We note that by incorporating the technical protections of local plumbing codes, the regulation applies to well installation contractors the same technical standards applicable to licensed plumbers. This addresses County's concerns with deficiently performed plumbing. Point denied.

For its third point on appeal, County asserts the Ordinance is not inconsistent with the Water Well Drillers' Act, in that the Ordinance merely supplements, rather than contradicts, the statute. According to County, there is no conflict, since well installation contractors such as plaintiffs can comply with both the Ordinance and the Well Construction Rules by obtaining plumbers' licenses and permits from County in addition to the permits from DNR required by the Water Well Drillers' Act. We disagree.

■ Municipal ordinances may supplement or enlarge upon state law, but where the expressed or implied provisions of each are inconsistent and in irreconcilable conflict, the statute annuls the ordinance. *Miller v. City of Manchester*, 834 S.W.2d 904, 907 (Mo.App.E.D.1992). The test for determining whether a conflict exists is whether the ordinance prohibits something the statute permits, or permits something the statute prohibits. *Id.* Regulations promulgated pursuant to properly delegated authority have the same force and effect as law, and conflicts between regulations and ordinances are governed by the same principles governing conflicts between statutes and ordinances. *Id.*

■ Here, the Ordinance prohibits well drillers otherwise in compliance with the Water Well Drillers' Act and Well Construction Rules from performing plumbing necessary to connect the well to the building, even though 10 C.S.R. 23–050(1)(G) permits—in fact, requires—permitted well drillers to do so. The Ordinance is therefore in conflict with state law and invalid to the extent it requires that such plumbing be done by licensed and permitted plumbers. This is not a case where the municipal ordinance merely supplements the state law. The Ordinance is

attempting to impose an entirely new standard as to who is qualified to perform an integral part of well and pump installation. *Contra Vest v. Kansas City*, 355 Mo. 1, 194 S.W.2d 38, 39 (1946). Taking County's argument to its logical conclusion, only licensed plumbers will be permitted to install groundwater wells and pumps.[5] As the Water Well Drillers' Act provides that holders of permits from DNR are qualified to install wells, this would clearly contravene the statute. The trial court properly found the Ordinance in conflict with 10 C.S.R. 23–050(1)(G) and unenforceable to the extent the Ordinance required that well drillers performing the plumbing described in the regulation hold plumber's licenses and permits from County. Point denied.

Based on the foregoing, the judgment of the trial court is affirmed.

SMITH, P.J., and RHODES, J., concur.

---

5. In fact, County also suggests that only licensed electricians should be permitted to perform the electrical wiring required in well installation under 10 C.S.R. 23–3.050(1)(F), thereby adding yet another licensure requirement not required under the Water Well Drillers' Act.