Eric L. BYINGTON, Ralph Byington, and Dorothy Byington, Petitioners/Respondents,

v.

Michelle D. BORGEMEYER, Respondent/Appellant,

and

Wesley Joel Scott, a minor, Respondent.

No. 67217.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 21, 1995.

Richard Smith, Louisiana, for appellant.

John M. McIlroy, McIlroy and Millan, Bowling Green, for respondent.

KAROHL, Judge.

We granted mother leave to file a late appeal from a judgment in a paternity suit filed by father and his parents. Father and his parents have elected not to participate in the appeal.

Prior to trial the parties entered into an extended well considered settlement agreement which resolved all but two issues. The parties submitted "upon oral argument of counsel" those two issues to the trial court for its determination. In resolving those issues the trial court ordered the birth certificate for the child amended to reflect the father's name as the child's surname and denied joint legal custody. It awarded custody to the mother.

Mother now argues that an administrative decision of the Department of Social Services which determined paternity bars this lawsuit by application of the doctrine of res judicata. The contention that the trial court erred in this respect is without merit. Though mother pled res judicata in her answer, she subsequently entered into a settlement agreement with father. The settlement disposed of all issues with the exception of two. They were (1) name change on birth certificate and (2) joint legal custody. Thus, the issue of res judicata was never argued and not decided by the trial court. "A court is not responsible for an error on an issue which was not presented for a ruling." *Cooks v. Normandy School District,* 778 S.W.2d 339, 341 (Mo.App.1989). She pled and abandoned the claim.

Res judicata is not a jurisdictional doctrine. It is an affirmative defense which mother initially pled but subsequently ignored in the settlement agreement. Thus, mother did not submit res judicata as an issue for the trial court's decision. Further, mother's contention that the trial court erred in refusing a motion to dismiss is deficient because the motion to dismiss was based only on an allegation that the petition failed to state a cause of action. That allegation was resolved by mother's settlement agreement and the decree which accepted and implemented the agreement. The trial court resolved the two disputed issues following the procedure determined by the parties in the settlement agreement.

The judgment is affirmed. Rule 84.13(b).

REINHARD, P.J., and RONNIE L. WHITE, Special Judge, concur.