**UNITED STATES CENTRAL UNDERWRITERS AGENCY, INC., Plaintiff/Appellant,**

v.

**MANCHESTER LIFE AND CASUALTY MANAGEMENT CORPORATION, a corporation, et al., Defendants/Respondents.**

No. 71885.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 12, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 9, 1997.

David L. Campbell, St. Louis, for plaintiff/appellant.

Steven L. Leonard, Gerald P. Greiman, Clayton, Terrance J. Good, David S. Slavkin, St. Louis, for defendants/respondents.

RHODES RUSSELL, Presiding Judge.

Plaintiff, United States Central Underwriters Agency Incorporated ("U.S. Central"), a defunct corporation, appeals the dismissal of its petition alleging wrongful transfer of securities, conversion, and civil conspiracy.

The petition was dismissed by the trial court for lack of standing. We affirm the trial court's dismissal in that the suit should have been brought in the names of the statutory trustees rather than in the name of the corporation.

U.S. Central's charter was forfeited on September 15, 1983, on grounds that its corporate franchise had been procured through fraud upon the state. U.S. Central's last officers and directors at the time of forfeiture were Robert Hutchings, Sharon Hutchings, and Robert Ewart.

On November 9, 1995, U.S. Central filed suit in the Circuit Court of St. Louis City. It brought suit in its own corporate name pursuant to Section 351.476.2 RSMo 1994. The suit sought to recover stock owned by it in Manchester Life and Casualty Management Corporation ("Manchester") which had been allegedly converted to the use and benefit of the CEO of Manchester and his mother. Thereafter, the various defendants filed motions to dismiss U.S. Central's first amended petition. Among the grounds asserted for dismissal were that U.S. Central, as a defunct corporation, lacked standing to sue, because the action should have been brought in the name of the statutory trustees. The trial court dismissed U.S. Central's petition for lack of standing. The trial court found that U.S. Central lacked standing to bring suit in that it filed its petition in the name of the dissolved corporation, contrary to Section 351.526 RSMo Supp.1995, which the court interpreted as requiring suits by dissolved corporations to be brought by statutory trustees.

Meanwhile, in the St. Louis County Circuit Court, on February 7, 1996, Robert Hutchings by his attorney, Gregory White, filed a petition captioned "Petition to Approve Resignation of Statutory Trustee and for Appointment of Successor Trustee." The petition alleged that Robert and Sharon Hutchings had executed resignations and declinations to act as the statutory trustees of U.S. Central. The petition also alleged that the third statutory trustee, Robert Ewart, was deceased. The petition sought to have the court approve the resignations of Robert and Sharon Hutchings and appoint Gregory White as the successor sole statutory trustee of U.S. Central. The St. Louis County Circuit Court entered a judgment approving the resignations of Robert and Sharon Hutchings and appointing Gregory White as successor statutory trustee of U.S. Central. However, this judgment was vacated on December 12, 1996, on the grounds that the order was "improvidently granted."

Finding that White was no longer a statutory trustee in that his appointment had been set aside by the St. Louis County Circuit Court, the trial court herein also denied a motion to join White as a plaintiff. This appeal follows.

In its sole point, U.S. Central contends the trial court erred in dismissing its petition for lack of standing because: 1) it had a statutory right under Section 351.476.2 RSMo 1994, to bring the lawsuit, and 2) U.S. Central had statutory trustees who could have been substituted as parties. We disagree.

U.S. Central first argues that the trial court erred in dismissing its petition for lack of standing in that Section 351.476.2 gave it standing to sue in its corporate name. Section 351.476.2(5) provides that a "[d]issolution of a corporation does not ... [p]revent commencement of a proceeding by or against the corporation in its corporate name." According to U.S. Central, it is clear from the plain wording of the statute that a dissolved corporation has standing to sue in its own name.

Prior to August 28, 1990, a corporation forfeited its corporate charter if the Secretary of State determined that one or more of the grounds of Section 351.525 (repealed 1991) had been met. Charles Hansen and Don G. Lents, *Missouri Corporation Law & Practice*, Section 9.3(b) (2d ed.1991). Effective August 28, 1990, the Missouri law of corporate dissolution and forfeiture was revised. Under the 1990 Amendments, the concept of forfeiture was replaced by the concept of administrative dissolution. *Id.*; Sections 351.476, 351.484, and 351.486 RSMo 1994. Under the old statutory regime, a corporation which forfeited its charter immediately ceased its existence. *Missouri Corporation Law & Practice*, at Section 9.3[b]. However, a corporation administratively dis-

solved under the current law continues its corporate existence, but solely to wind up and liquidate its business and affairs. *Id.*; Section 351.486.3 RSMo 1994. Furthermore, a corporation administratively dissolved is not prevented from commencing a proceeding in its corporate name. Section 351.476.2(5); *Reben v. Wilson,* 861 S.W.2d 171, 176 (Mo.App.1993).

Respondents, however, contend that the trial court properly dismissed U.S. Central's claim in that U.S. Central forfeited its corporate charter on September 15, 1983, and pursuant to Section 351.526 RSMo 1995 could not sue in its corporate name. Respondents contend that Section 351.526 is a reenacted version of repealed Section 351.525, and therefore, the judicial construction of Section 351.525, requiring suits on behalf of a forfeited corporation to be pursued by the statutory trustees in their own name, equally applies to Section 351.526.

Section 351.525, which was repealed effective May 29, 1991, provided in pertinent part:

> ... the directors and officers in office when the forfeiture occurs shall be the trustees of the corporation, who shall have full authority to wind up its business and affairs, sell and liquidate its property and assets, pay its debts and obligations and to distribute the net assets among the shareholders; and the trustees as such shall have power to sue for and recover the debts and property due the corporation, describing it by its corporate name, and may be sued as such; and the trustees shall be jointly and severally responsible to the creditors and shareholders of the corporation to the extent of its property and effects that shall have come into their hands.

This portion of the now repealed statute has been construed as meaning that any suit brought on behalf of a forfeited corporation must be brought in the name of the defunct corporation's statutory trustees. *Mark Twain Electric, Inc. v. Yalem,* 825 S.W.2d 366, 368 (Mo.App.1992); *J.M. Morris Construction Co. v. Mid–West Precote Co.,* 613 S.W.2d 180, 181 (Mo.App.1981); *Moore v. Matthew's Book Co., Inc.,* 597 F.2d 645, 647 (8th Cir.1979); `Clark Estate Co. v. Gentry,*

362 Mo. 80, 240 S.W.2d 124, 127, *cert. denied,* 342 U.S. 868, 72 S.Ct. 109, 96 L.Ed. 653 (1951). Under Section 351.525, the trustees succeeded to the interest of the corporation by operation of law. *Mark Twain Electric,* 825 S.W.2d at 368. The Missouri Supreme Court stated in *Clark Estate* that:

> On the day of the forfeiture, the company's very being as a legal entity was destroyed and from that date the officers and directors of the dissolved corporation became statutory trustees of its affairs for purposes stated in the statute ... Among the statutory rights forfeited was that of suing as a corporation ... The corporation could no longer sue in its own name. Having no legal entity it could not be a party plaintiff or defendant at law or in equity. The right to assert its claims against these defendants was vested by law exclusively in the trustees. Only they—as such trustees, in their own names in behalf of the corporation, in their representative capacity—were entitled to institute the action....

*Id.,* 240 S.W.2d at 127 (citations omitted).

Section 351.525, however, was repealed in 1991. In 1995, the Missouri General Assembly enacted Section 351.526. Section 351.526 provides:

> If the corporate rights and privileges of any corporation were forfeited prior to August 28, 1990, the directors and officers in office when the forfeiture occurred shall be the trustees of the corporation, and shall have full authority to wind up its business and affairs, sell and liquidate its property and assets, pay its debts and obligations, execute in its corporate name deeds and other instruments of transfer, and to distribute the net assets among the shareholders. The trustees as such may sue for and recover the debts and property due the corporation, describing it by its corporate name, and may be sued as such, and the trustees shall be jointly and severally responsible to the creditors and shareholders of the corporation to the extent of its property and effects that shall have come into their hands.

It is a well-settled rule of statutory construction that the legislature, in reenacting a statute in substantially the same terms, is presumed to adopt the construction given to the statute by courts of last resort, unless a contrary intent clearly appears or a different construction is expressly provided for. *Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852, 856 (1943); *Messick v. Grainger*, 356 Mo. 1227, 205 S.W.2d 739, 741 (1947); 82 C.J.S. *Statutes* Section 370(b) (1953). Further, when the legislature has repealed and reenacted a statute in a form in which it previously existed, the legislature is presumed to have adopted the construction placed upon the statute by the courts. *See State ex rel. Steed v. Nolte*, 345 Mo. 1103, 138 S.W.2d 1016, 1019 (1940); M.L. Cross, Annotation, *Repeal and Re-enactment–Effect*, 77 A.L.R.2d 336, Section 7 (1961).

Here, Section 351.526 is virtually identical to the relevant portion of the now repealed Section 351.525 except that 351.525 stated that "the trustees as such *shall have power* to sue", while Section 351.526 states that "[t]he trustees as such *may* sue ..."

Section 351.526 is substantially the same as repealed Section 351.525, which has been interpreted that suits on behalf of a forfeited corporation could only be commenced by and in the name of the statutory trustees. The presumption is that the legislature, in adopting Section 351.526, intended to adopt the construction previously placed upon Section 351.525. A contrary intent does not appear from the face of the statute.

Statutes are to be construed together and harmonized if possible. *Shepard Well Drilling v. St. Louis County*, 912 S.W.2d 606, 609 (Mo.App.1995). However, if a statute deals with a subject in general terms, and another statute deals with the subject matter in a more detailed way, the general statute yields to the more specific statute. *Id.* Although Section 351.476.2(5) provides that the dissolution of a corporation does not prevent the corporation from filing suit in its corporate name, it should be construed in harmony with Section 351.526 in that Section 351.526 applies to those corporations which forfeited their corporate charters prior to August 28, 1990, while Section 352.476.2(5) is applicable to those corporations administratively dissolved on or after August 28, 1990. Since U.S. Central's corporate charter was forfeited prior to August 28, 1990, its claim should have been brought in the name of the statutory trustees. U.S. Central's first subpoint is denied.

In its second subpoint, U.S. Central contends that the trial court erred in dismissing its petition for lack of standing in that it had statutory trustees who could have been substituted as parties. More specifically, U.S. Central contends that the December 12, 1996 order of the St. Louis County Circuit Court which set aside the appointment of White as successor trustee was void for lack of jurisdiction. On appeal, U.S. Central argues that the order setting aside White's appointment as statutory trustee was a nullity, and therefore, the trial court herein erred in denying the motion for joinder. Apparently, U.S. Central contends that it would have had standing to bring the suit if the trial court had not denied the motion of White to join as a party plaintiff.

The trial court denied the motion to join White, finding that White did not have an interest in the litigation in that he was no longer a statutory trustee. The trial court had taken judicial notice that the St. Louis County Circuit Court had set aside the order appointing White as the sole statutory trustee of U.S. Central.

We need not address this argument in that in *U.S. Central Underwriters Agency, Inc., et al. v. Hutchings*, 952 S.W.2d 723 (Mo.App. E.D.1997), we found that the original order and judgment appointing White as the sole statutory trustee was void. Thus, the trial court herein did not err in dismissing U.S. Central's petition for lack of standing in that White could not have been substituted as a party plaintiff.

U.S. Central also contends that if the St. Louis County Circuit Court's order setting aside White's appointment was valid, then the judgment approving the resignations of the statutory trustees was also vacated. As such, U.S. Central argues that the trial court abused its discretion in dismissing the petition since leave could have, and should have,

been granted to simply join or substitute the three statutory trustees as parties plaintiff. We disagree.

Neither U.S. Central, nor any of the three statutory trustees, requested the trial court to substitute them or join them as parties. An appellate court may not convict the trial court of error for failing to take action which was never requested. *Byington v. Borgemeyer*, 910 S.W.2d 786, 787 (Mo.App. 1995); *Gambrell v. Kansas City Chiefs Football Club*, 621 S.W.2d 382, 385 (Mo.App. 1981). Since no motion was ever entertained by the trial court to substitute the statutory trustees as parties, we find no error.

As the case was brought in the name of the forfeited corporation rather than in the name of the statutory trustees, the trial court did not err in dismissing U.S. Central's petition for lack of standing. Accordingly, we affirm the judgment of the trial court.

SIMON and KAROHL, JJ., concur.