ACCEPTED
04-014-00494-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/26/2015 1:53:23 PM
KEITH HOTTLE
CLERK

# NO. 04-14-00494-CV

## IN THE FOURTH COURT OF APPEALS
### SAN ANTONIO, TEXAS

**United Parcel Service, Inc. and Roland Leal,**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
3/26/2015 1:53:23 PM
KEITH E. HOTTLE
Clerk

Appellants/Cross-Appellees,

**v.**

**Robert Scott Rankin, Individually, Rachelle Rankin, Individually and As Next Friend for Avery Rankin, a Minor, As Next Friend for Kara Rankin, a Minor and As Next Friend for Samuel Rankin, a Minor**

Appellees/Cross-Appellants.

On Appeal from the 224th Judicial District Court, Bexar County, Texas
Honorable Cathy Stryker, Presiding Judge
Trial Court Cause No. 2011-CI-07922

## CROSS-APPELLEES' REPLY TO NEW ARGUMENT IN CROSS-APPELLANTS' REPLY BRIEF THAT RULE 167.4(A) IS INVALID.

W. Randall Bassett
*Admitted Pro Hac Vice*
Bradley W. Pratt
*Admitted Pro Hac Vice*
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100
rbassett@kslaw.com
bpratt@kslaw.com

H. Victor Thomas
State Bar No. 19851500
Thomas Michael Gutting
State Bar No. 24067640
King & Spalding, LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
vthomas@kslaw.com
tgutting@kslaw.com

Ricardo R. Reyna
State Bar No. 16794845
Audrey A. Haake
State Bar No. 08658100
Brock Person Guerra Reyna, P.C.
17339 Redland Road
San Antonio, Texas 78247-2302
Telephone: (210) 979-0100
Facsimile:  (210) 979-7810

**Counsel for Cross-Appellees United Parcel Service, Inc. and Roland Leal**

## ARGUMENT

In their Reply Brief, Cross-Appellants present a new argument that Cross-Appellees have not had an opportunity to respond to. Namely, that Rule 167.4(a) of the Texas Rules of Civil Procedure is invalid and unenforceable because it allegedly irreconcilably conflicts with Chapter 42 of the Civil Practices and Remedies Code. *See* Cross-Appellants' Reply at 7. Thus, Plaintiffs argue the trial court should have awarded them fees and costs for a potential, but not-yet-filed, appeal. As shown below, that argument is without merit.

### A. Rule 167.4(a) does not conflict with Chapter 42, but rather implements or supplements it.

Tex. Civ. Prac. & Rem. Code § 42.004(c) provides that "[t]he litigation costs that may be recovered by the offering party under this section are limited to those litigation costs incurred by the offering party after the date the rejecting party rejected the settlement offer."

Tex. Civ. Prac. & Rem. Code § 42.001(5) further provides: "Litigation costs means money *actually spent* and obligations *actually incurred* that are directly related to the action in which a settlement offer is made." (emphasis added).

Tex. R. Civ. P. 167.4(a) provides: ". . . the court must award the offeror litigation costs against the offeree from the time the offer was rejected *to the time of judgment*." (emphasis added).

Plaintiffs argue that § 42.004(c) and Rule 167.4(a) conflict because Rule 167.4(a) prohibits the award of fees incurred after the time of judgment and § 42.004(c) does not. Plaintiffs further argue that in cases of conflict, the statute controls over the rule, and therefore, if Rule 167.4(a) prohibits the award of

1

appellate attorney's fees because such fees are incurred after the judgment, then Rule 167.4(a) is invalid.

There is, in fact, no actual conflict between § 42.004(c) and Rule 167.4(a) because they are easily harmonized. It is well-established that when a conflict arises between a statute and a rule of procedure, the court must harmonize the statute and the rule if possible. *M.R.R. v. State*, 903 S.W.2d 49, 51 (Tex. App.—San Antonio 1995, no writ) (citing *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984)).

When the legislature passed § 42.004(c), it specifically authorized the supreme court to promulgate procedural rules to implement Chapter 42 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code § 42.005(a). It further authorized the supreme court to "address *other matters* considered necessary by the supreme court to the implementation of this chapter." Tex. Civ. Prac. & Rem. Code § 42.005(d)(2). (emphasis added). Thus, § 42.005(d)(2) authorized the supreme court to even address matters that are not expressly mentioned in Chapter 42.

There is no conflict between § 42.004(c) and Rule 167.4(a) because nowhere does § 42.004(c) state that costs incurred after the time of judgment, such as attorney's fees for an appeal, *must* be awarded. To the contrary, Chapter 42 defines "litigation costs" to preclude an award of attorney's fees for a potential appeal. "Litigation costs means money *actually spent* and obligations *actually incurred* that are directly related to the action in which a settlement offer is made." Tex. Civ. Prac. & Rem. Code § 42.001(5). (emphasis added). This definition precludes the award of attorney's fees for a potential appeal because any such fees

2

have not been actually spent or incurred. Accordingly, the supreme court issued Rule 167.4(a) to implement the requirement of § 42.001(5) that only costs "actually spent" may be awarded. Rule 167.4(a) implements this requirement by defining the litigation costs that must be awarded as those "from the time the offer was rejected to the *time of judgment*,." This definition precludes an award of attorney's fees for a potential appeal because such fees would be incurred after the judgment. There is no irreconcilable conflict because § 42.004(c) and Rule 167.4(a) are harmonized simply by interpreting Rule 167.4(a) as implementing § 42.001(5)'s requirement that only costs actually spent or incurred may be awarded.

But even if Chapter 42 was completely silent on whether costs must actually be incurred, there would be no conflict with Rule 167. This Court and others have recognized that no conflict exists between a rule of procedure and a statute, when the rule addresses an issue and the statute is silent on that same issue. *See Carpinteyro v. Gomez*, 403 S.W.3d 508, 511 (Tex. App.—San Antonio 2013, pet. denied) (holding no conflict between § 74.351(a) of the Texas Civil Practice and Remedies Code, which requires a claimant to serve an expert report not later than the 120th day after the original petition is filed, and Rule 4 of the Texas Rules of Civil Procedure because the statute does not address how to compute the 120 day time period); *In re Anderson Constr. Co.*, 338 S.W.3d 190, 196 (Tex. App.—Beaumont 2011, orig. proceeding) (holding there was no conflict between the rule of civil procedure permitting parties to amend their pleadings to add new claims and section 27.004 of the Texas Property Code when the statute did not address amending pleadings to add new claims); *Durish v. Dancer*, 819 S.W.2d 258, 264 (Tex. App.—Austin 1991, writ denied) (holding that "[t]he Guaranty Act is silent

as to the payment of post-judgment interest; therefore, it cannot be said to conflict with the statute allowing for the payment of post-judgment interest"). *See also Shepard Well Drilling Co. v. St. Louis County*, 912 S.W.2d 606, 609 (Mo. Ct. App. 1995) (upholding validity of ordinance because it merely supplements, rather than contradicted, the statute); *Babb v. Missouri Public Service Com'n*, 414 S.W.3d 64 (Mo. Ct. App. W.D. 2013) (same).

Moreover, Texas courts have been reluctant to find a conflict between a Texas statute and a Texas rule implementing that statute. For example, in *In re CompleteRx, Ltd.*, 366 S.W.3d 318, 324 (Tex. App.—Tyler 2012, no pet.), the court rejected an argument (different than the one made here) that Rule 167 conflicts with Chapter 42. *See also M.R.R. v. State,* 903 S.W.2d 49, 52 (Tex. App.—San Antonio 1995, no pet.) (harmonizing statute and rule where statute required appellate court to consider statement of facts and rule of procedure prohibited court from considering late statement of facts absent timely motion for extension); *In re United Services Auto. Ass'n*, 307 S.W.3d 299, 311 (Tex. 2010) (finding no conflict between two statutes—one that creates a limitations period and a second that tolls it, because "there is no reason, absent clear legislative intent, that we should not harmonize the two.").

There is no conflict between Rule 167.4(a) and Chapter 42, and this Court should interpret Rule 167.4(a) as implementing or supplementing Chapter 42. It should construe Rule 167.4(a) according to its literal terms, which limits the award of costs up "until the time of judgment." Under existing Texas law, the trial court correctly applied Rule 167.4(a) and did not err in denying Plaintiffs their attorney's

4

fees for a potential appeal because such costs had not yet been incurred, which is exactly what both section 42.001(5) and Rule 167.4(a) required.

Respectfully submitted,

**KING & SPALDING LLP**


By: /s/ H. Victor Thomas
W. Randall Bassett
*Admitted Pro Hac Vice*
Bradley W. Pratt
*Admitted Pro Hac Vice*
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
H. Victor Thomas
Texas Bar No. 19851500
Thomas Michael Gutting
Texas Bar No. 24067640
King & Spalding, LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002-5213
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

and

Ricardo R. Reyna
State Bar No. 16794845
Audrey A. Haake
State Bar No. 08658100
BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas 78247-2302
Telephone: (210) 979-0100
Facsimile:  (210) 979-7810

**Counsel for Cross-Appellees,
United Parcel Service, Inc. and
Roland Leal**

## CERTIFICATE OF FILING AND SERVICE

I certify that on March 26, 2015, I used the Court's electronic case filing system to file this Cross-Appellees' Reply to New Argument in Cross-Appellants' Reply Brief and to serve this document on the counsel for appellees:

Doug Perrin
Mark Perrin
The Perrin Law Firm
325 N. Saint Paul St., Suite 600
Dallas, TX 75201-3828

Peter D. Marketos
Reese Gordon Marketos LLP
750 N. Saint Paul St., Suite 610
Dallas, Texas 75201

/s/ H. Victor Thomas
H. Victor Thomas